DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York  10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIPPONKOA INSURANCE COMPANY, LTD.,            :

                    *Plaintiff,*            :      **11 Civ.** JUDGE SCHENDLIN

     - against -            :

CEVA LOGISTICS U.S., INC.,            :      **COMPLAINT**

                *Defendant.*            :      **'11 CIV 9040**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff NipponKoa Insurance Company, Ltd., by its undersigned attorneys, for
its Complaint, alleges on information and belief as follows:

## GENERAL APPLICATIONS
## <u>APPLICABLE TO ALL CAUSES OF ACTION</u>

### <u>I. JURISDICTION AND PARTIES</u>

      1.    This Court has subject matter jurisdiction pursuant to federal law (including
federal common law) pursuant to 28 U.S.C. section 1331; and/or diversity of citizenship under
28 U.S.C. 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

      2.    At all times material hereto, NipponKoa Insurance Company, Ltd. (hereinafter
"NipponKoa" or "Plaintiff"), was and is a corporation organized and existing under and by virtue
of the laws of Japan with its principal place of business in Japan.  NipponKoa is the insurer of
the Shipment which is the subject matter of this action.

1

3.      At all times material hereto Toshiba American Information Systems, Inc. (not a party to the action) (hereafter "TAIS") was the owner of a shipment of laptop computers (the "Shipment") which is the subject of this action.

4.      Defendant CEVA Logistics U.S., Inc. (hereinafter "CEVA") is a corporation organized and existing under the laws of Delaware with its principal place of business at 10751 Deerwood Park Blvd., Suite 200, Jacksonville, Florida, 32256 and was and is at relevant times engaged in business as, *inter alia*, a carrier of goods for hire, freight forwarder or otherwise involved in the transportation of goods, including the Shipment in this case, and is the successor in interest to EGL Eagle Global Logistics, LP ("EGL").

5.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.      Defendant is registered to do business in the State of New York and do business here.  Defendant organizes and/or runs routes through and thus can be found in and reside in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c).  Plaintiff has an affiliated office located in this District, and the survey company which investigated and calculated the loss is headquartered in this District.

## CONTRACT

7.      In and about June 2003, TAIS and EGL entered into a Transportation Agreement for the door-to-door carriage of TAIS products.

8.      The Transportation Agreement provided, *inter alia*,

    a.      that a material obligation of CEVA was to implement, comply with, and not deviate from minimum security guidelines.

    b.      that any failure by CEVA to deliver cargo was a service failure and breach.

     c.      that CEVA was to procure cargo insurance and/or other insurance payable directly to TAIS and its underwriter.

9.     Such security guidelines referred to above required, *inter alia*, that CEVA's subcontractors had to be properly vetted; that TAIS' cargo was to be delivered directly to TAIS (or its designee) and not stored; that TAIS cargo was to be delivered point-to-point without deviation. Prior to the Shipment at issue, CEVA and EGL merged or otherwise combined their businesses and CEVA has undertaken the obligations of EGL under the Transportation Agreement.

## THE SHIPMENT

10.     On or about March 24, 2011, there was shipped and delivered to CEVA in Shanghai a consignment of laptop computers, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, CEVA agreed to transport and carry the Shipment from Shanghai to TAIS' or its customers in Mexico City and deliver in the same good order and condition as when received. The Shipment is more fully described in bills of lading EG93784334 and EG93784335.

11.     The Shipment was transported from Shanghai to Manzanillo, Mexico via vessel, from there to Mexico City via rail, and from there destined to TAIS or its customers in Mexico City via truck. Prior to delivery to TAIS or its customers in Mexico City, the Shipment was stolen, and was never delivered to TAIS' customers, all in violation of CEVA's obligation as carrier, and/or under their Transportation Agreement with TAIS.

12.     Defendant CEVA breached its contractual and/or other legal obligations owed to TAIS, and such breach was the direct and proximate cause of the theft and total loss of said Shipment. Defendant's breaches include, without limitation, deviating from the route, failing to

make point-to-point delivery, and failure to properly vet and ensure the carriers it hired followed the proper security procedures.

13.   Defendant's further breached their contractual obligation by, *inter alia*, failing to obtain cargo and/or other insurance payable directly to TAIS and its underwriter.

14.   Defendant at all material times knew and/or had reason to know, without limitation, the following facts:

   a.   That TAIS's laptop computers are small, highly portable articles, which are individually of high value;

   b.   That such laptop computers made by TAIS and others are a favorite target of thieves;

   c.   That shipments of TAIS's laptop computers warrant or require extra-ordinary security measures to avoid of prevent loss by theft; and

   d.   That TAIS's said Shipment of laptop computers was an especially likely target, ad was especially susceptible to theft.

15.   Defendant also knew and/or had reason to know that TAIS could not provide any security services against loss of such shipments by theft once TAIS had entrusted a shipment to them.  Defendant knew and/or had reasons to know that Plaintiff's assured would and did rely and depend entirely on them to provide security services to protect such goods and prevent or protect against theft

16.   Despite defendant's knowledge set forth above, defendant failed to exercise due care in rendering services to TAIS including security services, and acted negligently, grossly negligent, willfully, wantonly and/or recklessly in rendering services, including, without

limitation, as hereinabove alleged, and such conduct proximately caused the loss of TAIS's entire said Shipment by theft.

17.     Defendant's conduct constituted an utter indifference or conscious disregard of the safety of the goods, including the Shipment.

18.     Plaintiff NipponKoa had issued its insurance policy to TAIS which insured TAIS's said Shipment against loss/damage.  By reason of the loss described above, NipponKoa was obliged to pay and actually paid substantial sums to TAIS, and incurred substantial additional other expenses, for which Defendant is legally liable.

19.     Plaintiff NipponKoa and its assured, TAIS, have performed all conditions on their parts to be performed.

20.     By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $1,400,000.00.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT OF CARRIAGE

21.     Plaintiff incorporates here by reference the allegations of paragraphs 1 to 20 above.

22.     Defendant has breached its obligations and duties under its contract of carriage with respect to the Shipment.

23.     By reason of the foregoing, Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,400,000.00.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT TO PROCURE INSURANCE

24.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 23 above.

25.     Defendant, despite contractual obligation, failed to take procure cargo and/or other insurance payable to TAIS and its underwriter NipponKoa.

26.     By reason of the foregoing, the Defendant has caused damage to Plaintiff, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,400,000.00

## THIRD CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

27.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 26 above.

28.     The Defendant was acting as bailee of Shipment at the time of the loss.  The Defendant was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner.  Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to them.

29.     By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,400,000.00.

6

## FOURTH CAUSE OF ACTION

### NEGLIGENCE/GROSS NEGLIGENCE/
### RECKLESSNESS/WILLFUL AND WANTON CONDUCT

30.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 29 above.

31.     The Defendant, by its negligence, gross negligence, recklessness, and/or willful and wanton conduct caused the loss to the Shipment.  Defendant therefore improperly failed to deliver the Shipments to the consignee, or its designee, in as good condition as when entrusted to them.

32.     By reason of the foregoing, the Defendant has caused damage to Plaintiff, sue, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,400.000.00.

WHEREOF, Plaintiff prays:

1.     That process in due form of law may issue against the Defendant citing them to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, attorneys' fees and costs and the disbursements of this action;

3.     That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
        December 9, 2011

MALOOF BROWNE & EAGAN LLC

By: _____
     David T. Maloof  (DM 3350)
     Thomas M. Eagan (TE 1713)
     411 Theodore Fremd Avenue - Suite 190
     Rye, New York 10580

Tel: (914) 921-1200
Fax: (914) 921-1023
*Attorneys for Plaintiff NipponKoa*
*Insurance Company, Ltd.*

F:\WP-DOCS\1415.86\PLEADINGS\120911 Complaint.doc