UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY, LTD, | |
| Plaintiff, | Index No.: 11-CIV-9040 |
| vs. | **ANSWER** |
| CEVA LOGISTICS U.S., INC. and CEVA FREIGHT, LLC, | |
| Defendants. | |

Defendants CEVA Logistics U.S., Inc. and CEVA Freight, LLC, ("CEVA" or "Defendants") by their attorneys Duane Morris, LLP, answer the Amended Complaint of Nipponkoa Insurance Company, (hereinafter "Nipponkoa" or "Plaintiff"), upon information and belief, as follows:

**JURISDICTION AND PARTIES**

1. Defendants deny the allegations in paragraph 1 of the Amended Complaint.

2. Defendants are without knowledge or information sufficient to either admit or to deny the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendants are without knowledge or information sufficient to either admit or to deny the allegations contained in paragraph 3 of the Amended Complaint.

4. Defendant CEVA Logistics U.S., Inc. admits only that that it is a corporation with its principal place of business in Houston, TX, but except as so admitted, denies the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendant CEVA Freight, LLC admits only that that it is a limited liability company with its principal place of business in Houston, TX, but except as so admitted, denies the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendants are without knowledge or information sufficient to either admit or to deny the allegations contained in paragraph 6 of the Amended Complaint.

7. Defendant admits only that it may handle transportation through the State of New York but except as so admitted, denies the allegations contained in paragraph 7 of the Amended Complaint.

### **CONTRACT**

8. Defendants admits only that the Transportation Agreement speaks for itself, but except as so admitted, denies the allegations in paragraph 8 of the Amended Complaint.

9. Defendants admits only that the Transportation Agreement speaks for itself, but except as so admitted, denies the allegations in paragraph 9 of the Amended Complaint.

10. Defendants admits only that the Transportation Agreement speaks for itself, but except as so admitted, denies the allegations in paragraph 10 of the Amended Complaint.

11. Defendant is without knowledge or information sufficient to either admit or to deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Amended Complaint.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT OF CARRIAGE

22. Defendant repeats and realleges each and every allegations contained in paragraphs 1 through 22 of the Amended Complaint as if set forth herein.

23. Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

## SECOND CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

25. Defendant repeats and realleges each and every allegations contained in paragraphs 1 through 25 of the Amended Complaint as if set forth herein.

26. Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

## THIRD CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

28. Defendant repeats and realleges each and every allegations contained in paragraphs 1 through 28 of the Amended Complaint as if set forth herein.

29. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint

.

## FOURTH CAUSE OF ACTION

### RECKLESSNESS/WILLFUL AND WANTON CONDUCT

31. Defendant repeats and realleges each and every allegations contained in paragraphs 1 through 31 of the Amended Complaint as if set forth herein.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action should be dismissed or transferred under the doctrine of <u>forum non conveniens</u>.

### SECOND AFFIRMATIVE DEFENSE

This Court is not the proper venue for this action.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over defendant.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the applicable statute of limitations, laches or other applicable time limit.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim for which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over this dispute.

**NINTH AFFIRMATIVE DEFENSE**

The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom CEVA had no control at any time relevant hereto, and in the event CEVA is found liable, which liability is expressly denied, CEVA will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

**TENTH AFFIRMATIVE DEFENSE**

CEVA was not negligent and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

**ELEVENTH AFFIRMATIVE DEFENSE**

Pursuant to the provisions of CEVA's contract of carriage, tariffs, U.S. COGSA, and/or other governing law, CEVA has no liability to Plaintiff or to any other person for any loss, damage or delay.

**TWELFTH AFFIRMATIVE DEFENSE**

Pursuant to the applicable provisions of CEVA's contract of carriage, tariffs on file, COGSA Convention, and/or other governing law, CEVA has no liability to Plaintiff or to any other person under the contract of carriage in that the alleged loss, damage or delay was caused by or contributed to by persons for whom CEVA is not responsible or are public enemies or thieves.

### THIRTEENTH AFFIRMATIVE DEFENSE

CEVA is not liable to Plaintiff because CEVA, through its officers, agents and employees, took all necessary measures to avoid the loss or damage described in the Complaint, or because it was impossible for CEVA through its officers, agents and employees, to take such measures.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any liability of CEVA is limited by contract, tariff law, or otherwise.

### FIFTEENTH AFFIRMATIVE DEFENSE

In the event that CEVA is found liable to Plaintiff, which liability is expressly denied, CEVA will be entitled to indemnification, contribution or apportionment of liability from other parties pursuant to applicable law.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to join an indispensable party or parties needed for a just adjudication.

### SEVENTEENTH AFFIRMATIVE DEFENSE

CEVA has no liability to Plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by CEVA or by a person for whom CEVA is responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

CEVA is entitled to all applicable limitations of liability included in its tariffs, invoices, contracts, under law, or otherwise, limiting any recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its claimed damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

CEVA has performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by CEVA in accordance with such terms and conditions of contract.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

CEVA acted with due diligence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Failure to timely file a notice of claim with CEVA.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged loss, damage or delay was caused by or contributed to by third-parties, their agents, servants and/or employees for whom CEVA is not liable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

CEVA acted reasonably and properly at all times, and in accordance with the accepted practices of the industry.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

CEVA is entitled to all defenses included in the applicable contracts.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of CEVA's contract, contract of carriage, tariffs and/or governing law, CEVA has no liability to Plaintiff or to any other person under the contracts of carriage for any loss, damage or delay.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

CEVA's liability, if any, is limited by COGSA or other applicable law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

CEVA reserves the right to amend this pleading to reflect additional affirmative defenses as may be revealed through discovery and further pleadings.

### NOTICE PURSUANT TO F.R.C.P. 44.1

Pursuant to Fed. R. Civ. P. 44-1, CEVA may rely on foreign law, including but not limited to the Law of Mexico and/or China.

**WHEREFORE**, Defendant prays for judgment of this Court dismissing the Amended Complaint in its entirety with prejudice and that it be awarded the costs and reasonable attorneys' fees incurred in the defense hereof, and for such other relief as this Court deems proper.

Newark, New Jersey
Dated: April 5, 2012             BY:         /s/ James W. Carbin
                                              James W. Carbin (JC 5004)
                                              Duane Morris LLP
                                              One Riverfront Plaza
                                              1037 Raymond Blvd., Suite 1800
                                              Newark, NJ 07102-5429
                                              *Attorneys for Defendants*