UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                       :
NIPPONKOA INSURANCE COMPANY,:
LTD.,                                                  :
                                                       :
                                    Plaintiff,         :        **MEMORANDUM**
                                                       :        **OPINION AND ORDER**
                        - against -                    :
                                                       :        **11 Civ. 9040 (SAS)**
CEVA LOGISTICS, U.S., INC. AND                         :
CEVA FREIGHT, LLC,                                     :
                                                       :
                                    Defendants.        :
------------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

In June 2003, Toshiba American Information Systems ("Toshiba"), a California corporation with its principal place of business in California,[1] contracted with Eagle Global Logistics, LP ("EGL") for portal-to-portal carriage of Toshiba products.[2] The duly executed Transportation Agreement included a Governing Law and Jurisdiction clause providing:

> This Agreement shall be governed by and interpreted in accordance with the laws of the State of California, excluding California's conflict of law provisions that direct the application of another jurisdiction's laws. The parties expressly consent to the jurisdiction of the federal and state courts located in Orange

---

[1]      *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss on the Grounds of Forum Non Conveniens ("Plaintiff's Mem.") at 1-2.

[2]      *See* Amended Complaint ("Am. Compl.") ¶ 8.

1

County, California in the event of any litigation relating to this Section.[3]

Although the Agreement originally did not cover ocean shipments from the Far East to Mexcio, it was eventually expanded to do so.[4]  In 2007, EGL merged with TNT Logistics[5] to form CEVA Logistics, U.S., Inc.[6] and CEVA Freight LLC[7] (collectively, "CEVA"), and CEVA assumed EGL's obligations under the Transportation Agreement.[8]  CEVA has an office in Torrance, California, that handles, *inter alia*, business relating to the Agreement.[9]

The events giving rise to this action are scattered across the globe. The plaintiff, Nipponkoa Insurance Co., Ltd., is a Japanese corporation that insures Toshiba against damage and loss of cargo, and now brings a subrogated action for the costs it incurred in paying out on that insurance policy.  Nipponkoa's complaint

---

[3]     Transportation Agreement, Ex. 1 to 3/20/12 Declaration of Alan Lowe ("Lowe Decl.") at 9.

[4]     *See* Lowe Decl. ¶¶ 5-6.

[5]     *See* Plaintiff's Mem. at 3.

[6]     CEVA Logistics is a Delaware corporation with its principal place of business in Florida.  *See* Am. Compl. ¶ 4.

[7]     CEVA Freight is a Delaware corporation with its principal place of business in Texas.  *See id.* ¶ 5.

[8]     *See id.* ¶ 10.

[9]     *See* Plaintiff's Mem. at 3.

2

centers on a shipment of laptop computers stolen in 2011.  CEVA was transporting the laptops for Toshiba from Shanghai, China to Mexico City, Mexico, pursuant to the Transportation Agreement.[10]  The laptops were stolen from a truck in Mexico while under the care of one of CEVA's Mexican subcontractors.[11]  Trying this case would likely require testimony from citizens of China, Japan, Mexico, California and Texas.[12]  In short, this is a truly international case with no obvious home forum.

Nipponkoa's various theories under which it may recover include CEVA's alleged failure to procure insurance payable to Nipponkoa as required by the Transportation Agreement.[13]  Such an omission is presumably attributable to the California office that managed CEVA's business in relation to the Agreement.[14]  None of the claims relate to any activity in New York by any entity.

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

---

[10]     *See* Am. Compl. ¶¶ 11-12.

[11]     *See* Defendant CEVA Logistics U.S., Inc. Memorandum of Law in Support of Motion to Dismiss at 2.

[12]     *See* Plaintiff's Mem. at 14-17.

[13]     *See* Am. Compl. ¶ 14.

[14]     *See* Plaintiff's Mem. at 3.

3

have been brought."  The district court has broad discretion to decide motions to

transfer, and should do so upon determinations of "convenience and fairness on a

case-by-case basis."[15]  Transfer motions must satisfy two elements:  "*First*, the

transferee court must be able to exercise jurisdiction over the parties and must be

an appropriate venue for the action; *second*, the balance of convenience and justice

must favor transfer."[16]  Though courts typically grant section 1404(a) transfers on

motions by defendants, a plaintiff "is not precluded from seeking transfer even

though it had the original choice of forum."[17]  Such motions should not be treated

differently than those brought by defendants: transfer is permissible if it "would be

in the interest of justice."[18]

     In deciding transfer motions, a non-exclusive list of factors to

---

[15]    *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

[16]    *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 617 (S.D.N.Y. 2011) (citing *Stewart*, 487 U.S. at 30).

[17]    *Anglo American Ins. Group, P.L.C. v. CalFed Inc.*, 916 F. Supp. 1324, 1328 (S.D.N.Y. 1996).

[18]    *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992). *Accord Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978) (ordering transfer under section 1406(a) where plaintiff originally chose the wrong forum).  CEVA argues that a plaintiff must show some change in circumstances after it filed suit in order to transfer an action, but *Spar* and *Corke*, read together, require no such changed circumstance.  Instead, *Spar* makes clear "the interest of justice" remains the standard.

4

consider includes:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.[19]

No individual factor is dispositive and a court has discretion to weigh each factor in its efforts to reach a fair result.[20]

The facts here compel transfer, as Nipponkoa could have originally brought this action in the Central District of California.  Analysis of the fairness factors yields an obvious result: California, not New York, is the appropriate forum for this action.

*First*, the California district court can exercise jurisdiction over the parties and is an appropriate venue for the action.  The parties expressly agreed to jurisdiction in the Central District of California in the Transportation Agreement's Governing Law and Jurisdiction clause.[21]  The Central District is an appropriate

---

[19]    *Fellus*, 783 F. Supp. 2d at 617-18.  *Accord D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (listing factors 1-7 as "some" of the factors to consider).

[20]    *See First City Nat. Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of convenience is essentially an equitable task.").

[21]    *See* Transportation Agreement at 9.

venue as well, given that CEVA has an office in the District that is directly implicated in this action.[22]  CEVA correctly argues that, because the Jurisdiction clause is permissive,[23] CEVA may prevail on a forum non conveniens motion in California.[24]  However, "[t]he principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."[25]  Whether the Central District of California chooses to resist imposition on its jurisdiction is for that court to decide.[26]  This Court need only determine if the action originally "might have been

---

[22]     See 28 U.S.C. § 1391(b)(2) ("Venue in General:  A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

[23]     See Phillips v. Audio Active Ltd., 494 F.3d 378, 386 (2d Cir. 2007) ("A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language."). The clause here does not confer exclusive jurisdiction on California, and does not contain any venue language.

[24]     See Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 980 (2d Cir. 1993) (holding that, when parties have agreed to a permissive forum selection clause, "normal forum non conveniens analysis is applicable").

[25]     Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947).

[26]     CEVA has moved to dismiss this action for forum non conveniens. Nipponkoa cross-moved to transfer to the Central District of California if this Court concludes that New York is not the appropriate forum, but otherwise opposes CEVA's motion and seeks to keep the action in New York.  Because I am transferring this action, I need not reach the merits of the forum non conveniens motion.

brought" in the Central District of California.[27]  For the reasons stated above, Nipponkoa could have brought this action in the Central District of California.

       *Second*, the balance of convenience to the parties favors transfer. Though Nipponkoa originally chose a New York forum, it has stated that the Central District of California is its second choice of forum.[28]  Further, Nipponkoa acknowledges that neither forum is especially more convenient than the other, as it has a large affiliated office in each district, and regularly litigates in both.[29]  The Central District should also be more convenient to CEVA, given that it maintains an office in that district.[30]

       *Third*, the convenience and availability of evidence and witness testimony counsels in favor of transfer.  Letters rogatory are as available to California courts as they are to New York courts.[31]  Similarly, California has as

---

[27]    *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) (action originally brought in California was transferred to the Middle District of Pennsylvania, which then dismissed for forum non conveniens).

[28]    *See generally* Plaintiff Nipponkoa Insurance Company, Ltd.'s Reply Memorandum of Law in Further Support of Its Alternative Cross-Motion to Transfer This Case to the Central District of California Pursuant to 28 U.S.C. § 1404(a) in Lieu of Dismissal.

[29]    *See id.* at 5.

[30]    *See* Plaintiff's Mem. at 3.

[31]    Deposition of foreign witnesses, in lieu of live testimony, should be adequate in this case, as the credibility of the witnesses is unlikely to be an issue at trial.  *See O'Donnell v. Club Mediterranee S.A.*, No. 05 Civ. 610, 2008 WL

much access as New York does to the "advances in modern telecommunications and jet travel" for transport of witnesses and documents to the trial forum.[32]  To the extent witnesses from Japan, China, or Mexico have to travel to the United States at all, California is more convenient than New York.

*Fourth*, trial efficiency and the interest of justice favor transfer.  This Court cannot say with certainty that California is the only locus of operative facts giving rise to this action, but certainly a substantial portion of the acts and omissions in dispute occurred in California.  The contract that lays the foundation for Nipponkoa's claims was handled by CEVA's California office.  A California district court's familiarity with California law, which governs pursuant to the Transportation Agreement,[33] also favors transfer.

In lieu of dismissal, Nipponkoa requested a transfer to the Central District of California pursuant to section 1404(a).  Given that the totality of circumstances and the interests of justice recommend it, I am granting the motion, and this case is hereby transferred, pursuant to 28 U.S.C. § 1404(a), to the Central District of California.

---

794975, at *14 (E.D.N.Y. Mar. 24, 2008) (citing *In re Assicurazioni Generali S.p.A. Holocaust Ins. Litig.*, 228 F. Supp. 2d 348, 361 (S.D.N.Y. 2002)).

[32]     *Overseas Programming Companies, Ltd. v. Cinematographische Commerz-Anstalt*, 684 F.2d 232, 233 n.1 (2d Cir. 1982).

[33]     *See* Transportation Agreement at 9.

8

The Clerk of the Court is directed to transfer this file to the Central District of California forthwith, and to close the motions pending in this district [Docket Nos. 11, 13, 20].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             July 2, 2012

9

## - Appearances -

**For Plaintiff:**

David T. Maloof, Esq.
Thomas M. Eagan, Esq.
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
(914) 921-1200

**For Defendants:**

James W. Carbin, Esq.
P. Ryan McElduff, Esq.
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102
(973) 424-2000