1  Katherine L. Nichols (SBN 228893)
   **DUANE MORRIS** LLP
2  865 South Figueroa Street, Suite 3100
   Los Angeles, CA  90017-5450
3  Telephone: 213.689.7400
   Facsimile: 213.689.7401
4  E-Mail:  knichols@duanemorris.com

5  Attorneys for Defendants
   CEVA Logistics, U.S., Inc. and
6  CEVA Freight, LLC

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 NIPPONKOA INSURANCE COMPANY,        )  Case No.:  2:12-CV-5801 CAS
   LTD.,                               )  (AGRx)
12                                     )
                  Plaintiff,           )  Hon. Christina A. Snyder
13                                     )
         v.                            )  **MEMORANDUM OF POINTS**
14                                     )  **AND AUTHORITIES IN**
   CEVA LOGISTICS, U.S., INC., and CEVA )  **SUPPORT OF DEFENDANT**
15 FREIGHT, LLC,                       )  **CEVA LOGISTICS, U.S., INC.'S**
                                       )  **AND CEVA FREIGHT LLC'S**
16                Defendants.          )  **MOTION TO DISMISS**
                                       )
17                                     )  Date:          August 20, 2012
                                       )  Time:          10:00 a.m.
18                                     )  Courtroom:     5
                                       )
19 ──────────────────────────────────── )

20

21

22

23

24

25

26

27

28

DM1\3428559.1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .......................................................... 1

II.   STATEMENT OF RELEVANT FACTS ........................... 1

III.  LEGAL ARGUMENT ................................................. 3

      A.    Standard for *Forum Non Conveniens* ..................... 3

      B.    Mexico Is The Appropriate Forum for This Dispute ........... 4

      C.    Public And Private Interest Factors Favor Litigation In Mexico ......... 6

            1.    Private Interest Factors ................................. 6

            2.    Public Interest Factors ................................. 8

      D.    Plaintiff's Choice of Forum Is Entitled To Minimal Deference ........ 10

IV.   CONCLUSION ......................................................... 10

1

## TABLE OF AUTHORITIES

2

Page(s)

3 **Cases**

4 *Becker v. Club Las Velas*
5    1995 U.S. Dist. LEXIS 6101 (S.D.N.Y. May 8, 1995)................................7

6 *Creative Tech. v. Aztech Sys. PTE*
7    61 F.3d 696 (9th Cir. 1995)................................................4-6, 8, 10

8 *Extractora de Productos Vegetale y Animales S.A. v. M/V SONIA M*
9    1991 AMC 2953 (S.D.N.Y. Jan. 9, 1991)................................................5

10 *Gemini Capital Group, Inc. v. Yap Fishing Corporation*
   150 F.3d 1088 (9th Cir. 1999)................................................10

11
12 *In re Air Crash at Madrid, Spain on August 20, 2008*
   2011 U.S. Dist. LEXIS 29841 (C.D. Cal. March 22, 2011) ................................8

13
14 *Industria Fotografica Interamericana S.A. de C.V. v. M/V JALISCO*
   1996 AMC 769 (S.D. Tx. Oct. 26, 1995)................................................5

15
16 *Iragorri v. United Techs. Corp.*
   274 F.3d 65 (2nd Cir. 2001)(en banc)................................................4, 10

17 *Langsam v. Gardens*
18    2009 U.S. Dist. LEXIS 52597 (S.D.N.Y. June 15, 2009) ................................5

19 *Loya v. Starwood Hotels & Resorts*
20    2007 U.S. Dist. LEXIS 49012 (W.D. Wash. July 6, 2007)................................9

21 *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*
   583 F.3d 656 (9th Cir. 2009)................................................3-4, 9

22
23 *Lust v. Nederlandse Programma Stichting*
   2011 U.S. Dist. LEXIS 77618 (S.D.N.Y. July 18, 2011) ................................9

24
25 *Maersk, Inc. v. Neewra, Inc.*
   554 F.Supp.2d 424 (S.D.N.Y. 2008) ................................9

26
27 *Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.*
   311 F.3d 488 (2d Cir. 2002)................................................5, 10

28

ii

*PT United Can Co. v. Crown Cork & Seal Co.*
    138 F.3d 65 (2d Cir. 1998) .................................................................. 5

*Saqui v. Pride Central America, LLC*
    2010 AMC 1617 (5th Cir. 2010) ......................................................... 7

*Seguros Comercial Americas S.A. de C.V. v. American President Lines, Ltd.*
    1996 AMC 1441 (S.D. Tx. Oct. 4, 1995) .................................... Passim

*Vivendi S.A. v. T-Mobile USA Inc.*
    586 F.3d 689 (9th Cir. 2009) ....................................................... 4, 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## I.   INTRODUCTION

This case should be dismissed as the Central District of California is a forum *non conveniens*.

Plaintiff, a Japanese insurance company, claims for the alleged theft of a cargo in Mexico when the truck it was on was hijacked by armed robbers. The cargo was being shipped from China to Mexico: it was not destined for California or the United States, and did not transit through California or the United States.

The shipment was being delivered to a Mexican facility when it was stolen. The truck was hijacked while in the custody of a Mexican truck driver, working for a Mexican trucking company, while being escorted by armed Mexican guards working for a Mexican security company. The hijacking was investigated by the Mexican authorities and by a Mexican surveyor hired by Plaintiff. Even Plaintiff's own investigation was performed entirely in Mexico. Plaintiff's own claims rely entirely on witnesses and evidence in Mexico. There is no legitimate reason for this case to be heard in the United States.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff Nipponkoa Insurance Company, Ltd. ("Nipponkoa") alleges it is an insurance company organized and existing under the laws of Japan, with a principal place of business in Japan. Amended Complaint, (Docket No. 23), at ¶ 2[1]. Nipponkoa asserts a subrogated claim for the alleged loss of a cargo of laptop computers purportedly owned by Toshiba American Information Systems, Inc. ("TAIS") *Id.*, ¶¶ 3 and 19.

Nipponkoa alleges that the laptops were delivered to CEVA in Shanghai, Peoples Republic of China and that CEVA agreed to carry them to Mexico City,

---

[1] Plaintiff only named CEVA Logistics U.S., Inc. ("CEVA Logistics") in its initial complaint, alleging that it is the successor in interest to an entity named "EGL Eagle Global Logistics, LP ('EGL')." Complaint (Docket No. 1) at ¶ 2. On March 23, 2012, Plaintiff filed an Amended Complaint alleging that both CEVA Logistics and a new defendant CEVA Freight LLC (collectively referred to as "CEVA") are both successors in interest to EGL. *See* Amended Complaint, (Docket No. 23) at ¶¶ 4-5.

Mexico. *Id.*, ¶ 11. Nipponkoa alleges that the laptops were carried by vessel from Shanghai to Manzanillo, Mexico and by rail from Manzanillo to Mexico City by rail. *Id.*, ¶ 12. Nipponkoa alleges that a truck delivering the laptops to TAIS customers was hijacked and the laptops were stolen. *Id.*

Nipponkoa hired a Mexican surveyor, RTS International S de RL de CV ("RTS"), to investigate the loss in Mexico. Declaration of Katherine L. Nichols ("Nichols Decl.") at Exhibit 1, Surveyor's Final Report.

As part of its investigation, RTS met with Toshiba de Mexico, S.A. de C.V.'s ("Toshiba Mexico") Logistics & Operations Manager and Import Coordinator in Mexico on May 17, 2011. Nichols Decl., Ex. 1 at pp. 4-5. Toshiba Mexico is listed as the "consignee" and "customer" on the Surveyor's Report. *Id.* RTS also met with CEVA's Security Manager Mexico and Regional Security Manager in Polanco, Mexico on September 1, 2011. *Id.* at p. 5.

RTS concluded that CEVA had arranged for CMA CGM Mexico, S.A. de C.V. ("CMA CGM Mexico") to truck the laptops from a rail yard and that the goods were hijacked while in CMA CGM Mexico's possession. *Id.* at pp. 5-6. RTS concluded that CEVA hired a Mexican firm, Prosegur, to provide an armed escort for the shipment. *Id.* at pp. 6-7. RTS further determined that the Mexican authorities investigated the hijacking. *Id.* at p. 7.

Nipponkoa alleges that CEVA "was to implement, comply with, and not deviate from minimum security guidelines." Amended Complaint (Docket No. 23), at ¶ 9]. Nipponkoa alleges that CEVA breached its claimed obligation to provide security by "deviating from the route, failing to make point-to-point delivery, and failure to properly vet and ensure the carriers it hired followed the proper security procedures." *Id.*, ¶ 13. Nipponkoa further alleges that CEVA "failed to exercise due care in rendering services to [TAIS] including security services, and acted negligently, grossly neligent [sic], willfully, wantonly and/or recklessly in rendering services...and such conduct proximately caused the loss of" the laptops. *Id.*

1    CEVA intends to claim for indemnity and/or contribution from CGA CGM

2  Mexico and Prosegur, but cannot do so because they may not be subject to jurisdiction

3  in the Central District of California.

4    Nipponkoa originally filed its action against Defendants in the Southern District

5  of New York against CEVA Logistics only.  Nipponkoa has filed similar cargo claims

6  against CEVA Logistics in the Southern District of New York, despite at least one

7  prior warning from a District Court Judge that New York was not the appropriate

8  forum for claims occurring elsewhere.  Order dated February 19, 2009 by the Hon.

9  Richard M. Berman, (Docket No. 25-1).

10    CEVA Logistics filed a motion to dismiss for forum *non conveniens*.

11  Nipponkoa cross-moved to transfer venue to this judicial district based on a clause in

12  an alleged Transportation Agreement between TAIS and EGL.  The provision

13  Nipponkoa relied upon provides:

14    16.   Governing Law and Jurisdiction.   This Agreement shall be
     governed by and interpreted in accordance with the laws of the State of
15    California, excluding California's conflict of law provisions that direct
     application of another jurisdiction's laws.  The parties expressly consent
16    to the jurisdiction of the federal and state courts located in Orange
     County, California in the event of any litigation relating to this
17    Agreement.

18  Transportation Agreement, Docket No. 19-1 at p. 9.  On July 2, 2012, the Honorable

19  Shira A. Scheindlin of the Southern District of New York transferred the action to this

20  Court, but explicitly reserved the issue of whether California was a forum *non*

21  *conveniens* for this Court.  Order dated July 2, 2012 (Docket No. 36) at p. 6.

22

23  **III.   LEGAL ARGUMENT**

24    A.   **Standard for *Forum Non Conveniens***

25    Under the common law doctrine of *forum non conveniens*, a court may refrain

26  from hearing the case if another significantly more appropriate forum exists.  *See*

27  *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir.

28  2009).  "A party moving to dismiss on grounds of *forum non conveniens* must show

two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Id.*

Private interest factors include: "(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of hostile witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive." *Creative Tech. v. Aztech Sys. PTE*, 61 F.3d 696, 703 (9th Cir. 1995) (internal quotations omitted).  Public interest factors include "(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law." *Id.* at 703-04.

While normally there is a strong presumption in favor of honoring the plaintiff's choice of forum, a foreign plaintiff's choice is afforded less deference. *Id.* at 703.  In addition:

> the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons -- such as attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, the habitual generosity of juries in the United States or in the forum district, the plaintiff's popularity or the defendant's unpopularity in the region, or the inconvenience and expense to the defendant resulting from litigation in that forum -- the less deference the plaintiff's choice commands.

*Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73 (2nd Cir. 2001)(en banc); *see also Vivendi S.A. v. T-Mobile USA Inc.*, 586 F.3d 689, 695 (9th Cir. 2009)(concurring with *Iragorri* and quoting text).

Based on the above factors, this matter should be decided in Mexico, where all the underlying events took place, and where the evidence and witnesses are located.

**B.    Mexico Is The Appropriate Forum for This Dispute**

An alternative forum is available if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute. *Creative*

*Tech.*, 61 F.3d at 701.  It is well-settled that "the availability of an adequate alternative forum does not depend on the existence of the identical cause of action in the other forum."  *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 73 (2d Cir. 1998); *see also Creative Tech*, 61 F.3d at 702 ("A court may dismiss on *forum non coveniens* grounds even though the foreign forum does not provide the same range of remedies that are available in the home forum.")

CEVA operate in Mexico and will submit to the jurisdiction of Mexican courts.

Mexico has been repeatedly held to be an adequate forum for the resolution of cargo disputes. *See Extractora de Productos Vegetale y Animales S.A. v. M/V SONIA M*, 1991 AMC 2953, 2955 (S.D.N.Y. Jan. 9, 1991) (dismissing action for alleged cargo loss during shipment from Chile to Mexico); *Industria Fotographica Interamericana S.A. de C.V. v. M/V JALISCO*, 1996 AMC 769, 772 (S.D. Tx. Oct. 26, 1995) ("Mexico is available and adequate" for disputed cargo loss during shipment from Mexico to Brazil) and *Seguros Comercial Americas S.A. de C.V. v. American President Lines, Ltd.*, 1996 AMC 1441, 1453-1454 (S.D. Tx. Oct. 4, 1995) (finding that Mexico is an adequate forum for cargo loss claim arising from truck hijacking in Mexico).  *See also Langsam v. Gardens*, 2009 U.S. Dist. LEXIS 52597, at * 20-21 (S.D.N.Y. June 15, 2009) (Mexico is an adequate forum because breach of contract is a cognizable cause of action under Mexican law).

Further, TAIS also operates in Mexico as does its Mexican subsidiary Toshiba Mexico.  TAIS "voluntarily conducted business in [Mexico], and must have anticipated the possibility of litigation in [Mexico]."  *Monegasque De Reassurances S.A.M.*, 311 F.3d at 488, 499 (2d. Cir. 2002) (Ukraine proper forum in action where foreign insurance company was subrogated to Russian company conducting business in Ukraine).

## C.   Public And Private Interest Factors Favor Litigation In Mexico

The cargo shipped from China to Mexico; it was not bound for the United States and did not even transit through the United States.  The hijacking occurred in Mexico and all personnel involved are Mexican residents.  California has no connection to the dispute.  The interests of the parties and public favor litigation in Mexico and compel dismissal of this action.

### 1.   Private Interest Factors

The private interest facts include "(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of hostile witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive." *Creative Tech. v. Aztech Sys. PTE*, 61 F.3d 696, 703 (9th Cir. 1995).

The private interest factors overwhelmingly favor litigation in Mexico. Nipponkoa's claims focus the security that CEVA was allegedly obligated to provide and whether the appropriate security was provided during the subject shipment.  But the individuals that made the security arrangements are in Mexico, CMA CGM Mexico's trucker is in Mexico, the security guards provided by Prosegur are in Mexico and the Mexican officials that investigated the hijacking are in Mexico.  Even Nipponkoa's own surveyor is in Mexico!  None of the known witnesses are located in California.

Similarly, documents created contemporaneous with the theft, including police reports, are located in Mexico.

The Southern District of Texas' decision in *Seguros Comercial*, 1996 AMC 1441, is instructive.  There, as here, the plaintiff claimed that the carrier failed to provide adequate security and negligent entrustment/bailment of cargo to a trucking subcontractor that was hijacked in Mexico. 1996 AMC at 1442.  The Court concluded that the ease of access to proofs favored dismissal, noting that, just as in this case:

1  The claim arose when a Mexican truck driven by a resident of Mexico on
2  Mexican highways was hijacked, presumably by Mexicans.

3  *Id.* at 1455.  Here, the Mexican truck driver was also accompanied by Mexican

4  security guards working for a Mexican company, and the loss was investigated by a

5  Mexican surveyor and the Mexican authorities.

6  If this case were to proceed in California, the cost would be prohibitive as the

7  parties would be forced to incur substantial expense to transport and accommodate

8  every witness for a trial in California.  If the action were to proceed in Mexico,

9  however, the parties need only shoulder their respective travel and accommodation

10 expenses.  *Seguros Comercial* is again instructive:

11  Because many of the potential witnesses are located in Mexico, costs
    considerations dictate that trial in Mexico would be far more expedient.
12  Transportation of the witnesses willing to testify in Texas would be
    expensive and time consuming.
13

14 1996 AMC at 1456.

15  Further, the non-party witnesses are located in Mexico and are not subject to

16 compulsory process in the United States.

17  Unwilling witnesses present even more of an obstacle to maintaining
    jurisdiction in the United States.  Neither the parties nor the court can
18  require the Mexican long-haul trucker..., the Mexican police officials,
    and other Mexican residents to appear before this court for trial.
19

20 *Seguros Comercial*, 1996 AMC at 1456-1457.  *See also Becker v. Club Las Velas*,

21 1995 U.S. Dist. LEXIS 6101, at *9 (S.D.N.Y. May 8, 1995) ("New York is without

22 compulsory process to compel the attendance of any of these [Mexican] witnesses.");

23 *Saqui v. Pride Central America, LLC*, 2010 AMC 1617, 1625 (5th Cir. 2010) ("United

24 States courts are unequipped to compel nonparty witness testimony from witnesses

25 located in Mexico").

26  Further,

27  [A] view of the conditions of the highway could provide evidence related
    to the negligence of selecting that particular route for the journey, a factor
28  relevant to [plaintiff's] claim that [the carrier] was negligent for not

providing adequate security given conditions within Mexico. Litigation in Mexico would also provide access to the third-party trucker and a view of its trucks, trucking facilities, and security procedures, all factors relevant to the claim of negligent entrustment to a third party.

*Seguros Comercial*, 1996 AMC at 1457.

The need to implead other parties is also relevant to a forum *non conveniens* analysis. *Gilbert*, 330 U.S. at 511. CEVA may seek to implead CMA CGM and Prosegur, as both parties were responsible for providing the security that Nipponkoa alleges was inadequate. But neither appear subject to this Court's jurisdiction.

It is equally important to note that this is a recently filed case, and very little discovery has taken place.[2] This Court has the opportunity to prevent the unwarranted prejudice to CEVA that will inevitably occur during discovery. For these reasons, litigation in Mexico is expeditious, efficient, and convenient.

### 2. Public Interest Factors

"The public interest factors include: "(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law." *Creative Tech*, 61 F.3d at 703-04.

The public interest factors weigh in favor of dismissal.

The Central District of California is one of the busiest courthouses in the nation. and "court congestion alone weighs in favor of dismissal." *In re Air Crash at Madrid, Spain on August 20, 2008*, 2011 U.S. Dist. LEXIS 29841 at *75-76 (C.D. Cal. March 22, 2011) *See also Seguros Comercial*, 1996 AMC at 1459:

The demands of a sizable criminal docket and the priority given criminal cases leads to an inevitable backlog of civil cases in this district. Conservation of judicial resources is therefore an extremely important

---

[2] Plaintiff has already propounded several sets of discovery on CEVA even though the parties have not yet reached the Scheduling Conference stage.

1   objective.  This objective is better served by this court's dismissal of this
2   case.  It is not in the public interest to further burden this docket and the
    litigants with a case that had only a limited connection to…the local
3   community.

4        The hijacking and alleged negligence leading to the loss of cargo occurred in

5   Mexico.

6        Mexico also has a strong interest in resolving controversies regarding the
    safety of its public highways and enforcing the rights of its own
7   corporations when they have suffered a loss in Mexico.

8   *Id.* At 1460; *see also Loya*, 583 F.3d at 665 (Mexico has "substantial interest in

9   holding businesses operating in Mexico accountable").

10       For this reason, the citizens of Mexico, not California, should be pressed into

11  jury duty for a trial of a case involving a theft that occurred in Mexico.  California

12  jurors, on the other hand, "would be forced to decide a case with no impact on [their]

13  community." *Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424 (S.D.N.Y. 2008).

14  *See Lust v. Nederlandse Programma Stichting*, 2011 U.S. Dist. LEXIS 77618 at *6

15  (S.D.N.Y. July 18, 2011) (Netherlands preferred forum where suit had "only a

16  tangential connection to" New York).

17       Further, Plaintiff's action and/or CEVA's anticipated cross-claims against CMA

18  CGM and Prosegur, may involve questions of Mexican law.  In particular, with

19  respect to Plaintiff's action for negligence, questions regarding the applicable standard

20  of care may call for the application of Mexican law. *See Loya v. Starwood Hotels &*

21  *Resorts*, 2007 U.S. Dist. LEXIS 49012 at *28-29 (W.D. Wash. July 6, 2007).  The fact

22  that this Court would be "asked to untangle conflicts of laws and apply the law of

23  Mexico, which is foreign, weighs in favor of dismissal." *Id.* at * 29.

24       CEVA anticipate that Plaintiff will attempt to argue that the clause of the

25  Transportation Agreement stating that California law governs the interpretation of the

26  Transportation Agreement mandates that this Court hear this case.  Even assuming

27  that an interpretation of the terms of the Transportation Agreement is relevant to this

28  cargo loss matter (which CEVA does not concede), the applicability of California or

1  United States law to the various causes of action "should…not be given conclusive or

2  even substantive weight." *Gemini Capital Group, Inc. v. Yap Fishing Corporation*,

3  150 F.3d 1088, 1093, 1094 (9th Cir. 1999).

4       **D.**    **Plaintiff's Choice of Forum Is Entitled To Minimal Deference**

5       "[T]he degree of deference to be given to a plaintiff's choice of forum moves

6  on a sliding scale" and is entitled to minimal deference when the forum choice results

7  from blatant forum shopping. *Iragorri*, 274 F.3d at 71-72; *see also Vivendi S.A.*, 586

8  F.3d at 695. Less deference is afforded to a foreign plaintiff's choice of the United

9  States as a forum. *Creative Tech.*, 61 F.3d at 753. *See Seguros Comercial*:

10      [A] court may be justifiably suspicious that a foreign national corporation
       may be attempting to "obtain the benefit of favorable law" in its selection

11      of an American forum.

12  1996 AMC at 1454 (quoting *Empresa Lines Maritimas Argentinas, S.A. v. Schichau-*

13  *Unterweser, A.G.*, 955 F.2d 368, 373 (5th Cir. 1992)). *See also Monegasque De*

14  *Reassurances S.A.M. v. Nak Naftogaz of Ukr.,* 311 F.3d 488, 499 (2d Cir. 2002) (little

15  deference afford foreign plaintiff's choice of United States as forum).

16       Here, Nipponkoa's choice of forum is entitled to diminished deference because

17  it has no *bona fide* connection to the Central District of California, or to the United

18  States for that matter. *Iragorri*, 274 at 71. Nipponkoa is a Japanese corporation with

19  no apparent connection to California. It is anticipated that Nipponkoa will argue that

20  TAIS is based in California and therefore it should be entitled to deference on that

21  basis. However, the cargo at issue was consigned to Toshiba Mexico, not TAIS. *See*

22  Nichols Decl., Ex. 1 at p. 4. California is not a convenient forum for anyone, not even

23  Nipponkoa.

24

25  **IV.**   **CONCLUSION**

26       For the reasons stated herein, CEVA respectfully request that this Court enter

27  an Order dismissing the Complaint as the Central District of California is a forum *non*

28  *conveniens* and for such other and further relief as the Court deems appropriate.

1  Dated: July 19, 2012                    **DUANE MORRIS** LLP

2

3                                   By:  /s/ Katherine L. Nichols
                                         Katherine L. Nichols

4                                        Attorneys for Defendants
                                         CEVA Logistics, U.S., Inc. and

5                                        CEVA Freight, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28