DARYL G. PARKER (State Bar No. 47048)
JAMES E. MAHONEY (State Bar No. 39750)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd, 13th Floor
Los Angeles, CA 90067-4003
(310) 277-6910
Email:   dparker@pszjlaw.com

DAVID T. MALOOF (*pro hac vice*)
THOMAS M. EAGAN (*pro hac vice*)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
(914) 921-1200
Email:   dmaloof@maloofandbrowne.com
            teagan@maloofandbrowne.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY, LTD.,<br><br>*Plaintiff,*<br><br>vs.<br><br>CEVA LOGISTICS U.S., INC. and CEVA FREIGHT, LLC,<br><br>*Defendants.* | Case No.: 11 Civ. 9040 (SAS)<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br>**(2) BREACH OF CONTRACT TO PROCURE INSURANCE**<br><br>(Diversity Jurisdiction under 28 USC 1332 and/or Federal Question Jurisdiction under 28 USC 1331) |

Plaintiff NipponKoa Insurance Company, Ltd., by its undersigned attorneys, for its Amended Complaint, alleges on information and belief as follows:

**GENERAL APPLICATIONS**
**APPLICABLE TO ALL CAUSES OF ACTION**

**I.   JURISDICTION AND PARTIES**

1.   This Court has subject matter jurisdiction pursuant to federal law (including federal common law) pursuant to 28 U.S.C. section 1331; and/or diversity of citizenship under 28 U.S.C. 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. At all times material hereto, NipponKoa Insurance Company, Ltd. (hereinafter "NipponKoa" or "Plaintiff"), was and is a corporation organized and existing under and by virtue of the laws of Japan with its principal place of business in Japan. NipponKoa is the insurer of the Shipment which is the subject matter of this action.

3. At all times material hereto Toshiba American Information Systems, Inc. (not a party to the action) (hereafter "TAIS") was the owner of a shipment of laptop computers (the "Shipment") which is the subject of this action, and has its principal offices in this District.

4. Defendant CEVA Logistics U.S., Inc. (hereinafter "CEVA") is a corporation organized and existing under the laws of Delaware with its principal place of business in Houston, Texas and was and is at relevant times engaged in business as, *inter alia*, a carrier of goods for hire, freight forwarder or otherwise involved in the transportation of goods, including the Shipment in this case, and is the successor in interest to EGL Eagle Global Logistics, LP ("EGL").

5. Defendant CEVA Freight, LLC is a limited liability company organized under the law of the State of Delaware with its principal place of business in Houston, Texas. The sole member of CEVA Freight, LLC is EGL, Inc. EGL, Inc. is incorporated under the laws of the State of Texas, with its principal place of business in Houston, Texas. CEVA Freight, LLC was and is at relevant times engaged in business as, *inter alia*, a carrier of goods for hire, freight forwarder or otherwise involved in the transportation of goods, including the Shipment in this case, and is the successor in interest to EGL Eagle Global Logistics, LP. Both Defendants – CEVA Freight, LLC and CEVA Logistics U.S., Inc. – are collectively referred to herein as "CEVA" or "Defendants".

6. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Each of the Defendants is registered to do business in the State of California, have offices in this District, and do business here. Under the governing contract from which this case arises, the defendants consented to suit in this District. Each of the Defendants organizes and/or runs routes through and thus can be found in and resides in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (3). Plaintiff has an affiliated office located in this District, and the survey company which investigated and calculated the loss is located in this District.

## CONTRACT

8. In and about June 2003, TAIS and EGL entered into a Transportation Agreement for the door-to-door carriage of TAIS products.

9. The Transportation Agreement, as updated and amended through March 24, 2011 (hereinafter "Transportation Agreement") provided, *inter alia*,

    a. that CEVA was to name TAIS and its insurer as a "named insured" on all insurance policies.

    b. that CEVA was to procure cargo insurance payable directly to TAIS and its underwriter.

    c. that any failure by CEVA to deliver cargo was a service failure and breach.

    d. that CEVA assumed the liability of a common carrier consistent with the Carmack Amendment for any loss or damage to cargo.

    e. that CEVA was to insure that each of its agents, subcontractors and independent contractors agreed to be liable to TAIS to the same extent as CEVA.

    f. that CEVA was to pay the undisputed amount of claims within 60 days of presentation, and that if it did not do so, it would pay an additional 5% of the undisputed amount for

every 10 day period thereafter.

g. that for sea-rail shipments from China to Mexico, CEVA would pay TAIS $20 per kilogram for any cargo lost or damaged.

h. that the Transportation Agreement was to be governed by California law with the parties consenting to the jurisdiction of this Court.

i. that bills of lading issued in connection with shipments are receipts, not contracts.

10. Prior to the Shipment at issue, CEVA and EGL merged or otherwise combined their businesses and CEVA has undertaken the obligations of EGL under the Transportation Agreement.

## THE SHIPMENT

11. On or about March 24, 2011, there was shipped and delivered to CEVA in Shanghai, China a consignment of laptop computers, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, CEVA agreed to transport and carry the Shipment from Shanghai to TAIS' or its customers in Mexico City and deliver in the same good order and condition as when received. The Shipment is more fully described in bills of lading EG93784334 and EG93784335.

12. The Shipment was transported from Shanghai to Manzanillo, Mexico via vessel, from there to Mexico City via rail, and from there destined to TAIS or its customers in Mexico City via truck. Prior to delivery to TAIS or its customers in Mexico City, the Shipment was stolen, and was never delivered to TAIS' customers, all in violation of CEVA's obligation as carriers, and/or under their Transportation Agreement with TAIS.

13. On or about April 26, 2011, TAIS duly made claim on CEVA for the loss

of the Shipment.

14. Defendants CEVA breached their contractual and/or other legal obligations owed to TAIS, and/or engaged in material deviations from their agreed obligations and such breaches were the direct and proximate cause of the damages suffered by the Plaintiff. CEVA's breaches include, without limitation:

    a. failure to name TAIS and its underwriter as named insureds on all of its insurance polices.

    b. failure to arrange for cargo insurance for the benefit of TAIS and its underwriter.

    c. failure to deliver the Shipment as agreed.

    d. failure to insure that its agents, subcontractors and independent contractors handling and/or guarding the Shipment agreed to be liable to TAIS to the same extent as CEVA.

    e. failure to pay the undisputed portion of the claim within 60 days of presentation.

15. Defendants at all material times knew and/or had reason to know, without limitation, the following facts:

    a. that TAIS's laptop computers are small, highly portable articles, which are individually of high value;

    b. that such laptop computers made by TAIS and others are a favorite target of thieves; and

    c. that TAIS's said Shipment of laptop computers was an especially likely target, and was especially susceptible to theft.

16. Despite Defendants' knowledge set forth above, Defendants failed to exercise due care in rendering services to TAIS.

17. Plaintiff NipponKoa had issued its insurance policy to TAIS which insured TAIS's said Shipment against loss/damage. By reason of the loss described above, NipponKoa was obliged to pay and actually paid substantial sums to TAIS, and incurred substantial additional other expenses, for which Defendants are legally liable.

18. Plaintiff NipponKoa and its assured, TAIS, have performed all conditions on their parts to be performed.

19. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $1,375,000.00.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

20. Plaintiff incorporates here by reference the allegations of paragraphs 1 to 19 above.

21. Defendants have breached their obligations and duties as a carrier and/or under the Transportation Agreement under the Carmack Amendment and/or other applicable law or contracts with respect to the Shipment.

22. By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,375,000.00.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT TO PROCURE INSURANCE

23. Plaintiff incorporates here by reference the allegations of paragraphs 1 to 22 above.

24. Defendants, despite contractual obligation, failed to name TAIS and its underwriter as named insureds on all insurance policies, failed to procure cargo and/or other insurance payable to TAIS and its underwriter NipponKoa, and otherwise breached its insurance obligations.

25. By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,375,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, attorneys' fees and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: July 30, 2012

                                PACHULSKI STANG ZIEHL & JONES LLP
                                and
                                MALOOF BROWNE & EAGAN LLC

                                By: /s/ Daryl G. Parker
                                    Daryl G. Parker, Esq.
                                *Attorneys for Plaintiff NipponKoa Insurance Company, Ltd.*

F:\WP-DOCS\1415.86\PLEADINGS - C.D. Cal. 12cv5801\072012 Second Amended Complaint.doc