DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York  10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NIPPONKOA INSURANCE COMPANY, LTD.,          :

                    *Plaintiff,*          :     11 Civ. 9040 (SAS)

   - against -                                                     :

CEVA LOGISTICS U.S., INC.,                                :

                    *Defendant.*          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF ARTURO ARISTA, ESQ.

I, Arturo Arista, declare:

1.    I am a partner in the law firm of Garza Tello & Asociados, S.C., transportation and insurance litigation attorneys with offices in Mexico City, Mexico.

2.    I have specialized in transportation litigation in Mexico courts for over eighteen (18) years. My areas of practice include marine insurance and cargo damage cases, including losses caused by in-land theft.

3.    Prior to commencing my law practice, I was educated at the Instituto Tecnológico Autónomo de México where I obtained my lawyer's degree. A copy of my resume is attached as Exhibit A. In the past ten years, I have authored the following: Article "Jurisdiction Update: Mexican Reinsurance" in conjunction with Reynolds, Porter, Chamberlain, LLP. Bulletin of August 2007 and subsequent updates and co-authored the Mexican section of the

1

EXHIBIT 3

publication "Time Bar in Insurance and Reinsurance, an International Comparison" published by Clyde & Co, 2011.

I have lectured at international seminars in the United States of America ("United States"), United Kingdom, and Latin America concerning transportation claims in Mexico and marine liabilities.

4. Counsel for Plaintiff NipponKoa Insurance Company Ltd. (subrogated underwriter of Toshiba America Information Systems, Inc.) asked me to provide my professional opinion as to whether Mexico law permits a Mexico Court to accept jurisdiction of a cargo loss case between two United States companies whose contract provides for application of U.S. law and U.S. jurisdiction.

5. I have reviewed NipponKoa's Complaint and CEVA's Memorandum of Law in Support Of Its Motion to Dismiss filed in the U.S. District Court in New York, as well as the June 1, 2003 transportation agreement between Toshiba America Information Systems Inc. and EGL Eagle Global Logistics (who I am advised is CEVA's predecessor in interest).

6. In my opinion, if the transportation agreement mentioned in point five is applicable, a Mexican Court would reject jurisdiction over the case since other jurisdictions are preferred over Mexico as per the Mexican procedural commercial provisions. The reasons are as follows.

7. Clause 16 of the Transportation Agreement states:

> <u>Governing Law and Jurisdiction.</u> This Agreement shall be governed by and interpreted in accordance with the laws of the State of California, excluding California's conflict of law provisions that direct the application of another jurisdiction's laws. The parties expressly consent to the jurisdiction of the federal and state courts located in Orange County, California in the event of any litigation relating to this Agreement.

Under the Mexican legal system, the Transportation Agreement by reason of its nature must be studied under a commercial law perspective. Therefore, any legal disputes before Mexican Courts deriving from the Transportation Agreement must follow the procedural rules contained in the Mexican Commercial Code for ordinary commercial processes[1].

As a preliminary note, jurisdiction rules for commercial lawsuits are found in the chapter titled "Competency and Procedural Defenses" of the Mexican Commercial Code and will be studied below in light of the particulars of this case. The litigating parties have the right to move to dismiss a case by reason of non-competency.

Now, regarding the contents of Clause 16 of the Transportation Agreement, it is important to mention that commercial law in Mexico generally recognizes the principle of free will, whereby the intention of the parties creates legally binding transactions and determines the content and effectiveness of those legal transactions.

In this respect, Article 78 of the Mexican Commercial Law provides as follows:

> "In commercial agreements, each party binds himself in the terms and conditions that it appears it was their original intention, and the validity of the said commercial act will not be subject to the fulfillment of any specific formalities or requisites."[Free translation]

This principle is consistent with the jurisdiction rule contained in articles 1090, 1092 and 1093 of the Commercial Code. Below is a translation of their contents:

> "Article 1090. All suits/complaints must be filed before the competent judge." [Free translation]

> "Article 1092. The competent judge will be that agreed between the parties, whether expressly or tacitly." [Free translation]

---

[1] In Mexico, comercial suits could be of three natures: ordinary, executive and special processes. The first ones are common processes for a variety of comercial disputes; executive proceedings are only suitable for cases related to documents of title, and special proceedings pertain to a limited number of cases that need a specific regulation (such as banckrupcy process).

> "Article 1093. There is an express submission to jurisdiction when the parties renounce clearly and categorically to the jurisdiction that could correspond to them by matter of law and, for the purposes of litigation, they consent to submit to the jurisdiction of the courts of their domicile, of the place where either of the obligations must be fulfilled or the courts of the place were the object in matter could be located." [Free translation].

Based on article 1093, an express submission to jurisdiction must meet two conditions: the first one is a clear waiver of a party's jurisdiction rights and second, an express designation of a court's jurisdiction as per the parties' domiciles, place of fulfillment of the parties' obligations and the location of the goods in question.

Now, the agreement contained in Clause 16 of the Transportation Agreement does not include a clear and categorical renouncement or waiver of Mexican jurisdiction that would pertain to the parties as a matter of law. This situation, according to Mexican case law (Court precedent number 239443), could result in the determination by a Mexican Court that an express agreement on jurisdiction did not take place in the Transportation Agreement.

In that case, Mexican Courts would be obliged to apply the jurisdictional rules for cases in which there was no express agreement on jurisdiction. These rules are contained in articles 1104 to 1106 of the Mexican Commercial Code and provide as follows:

> "Article 1104. Unless otherwise provided in article 1093, notwithstanding the nature of the commercial proceedings[2], the following shall be preferred over any other judge:
> I.   The judge located in the place that was designated by the debtor as the place to be judicially claimed to pay.
> II.  The place agreed in the contract for the fulfillment of the obligation.
>
> "Article 1105. If there was no express agreement as per article 1093 above, the competent judge will be that located in the

---

2 Please see Footnote 1 above.

domicile of the defendant, notwithstanding the nature of the legal action that is exercised[3].

"Article 1106. If the defendant has several domiciles, the competent judge will be that chosen by the plaintiff." [Free translation]

Articles 1104, 1105 and 1106 of the Commercial Code must be construed in order of appearance, as per established in Mexican case law (Court precedent number 269430). From the contents of these articles and the mentioned precedent, other jurisdictions would be preferred in the present case over Mexican Courts based on the following:

a) It could still be disputed if an express submission to a foreign jurisdiction took place in the Transportation Agreement, which if sustained by a court, would result in the dismissal of the case from such court.

b) The following rule in order of hierarchy (meaning Paragraph I of article 1104) gives jurisdiction to the courts of the domicile named in the Transportation Agreement by the defendants, which are not located within Mexican territory.

c) Although it could be disputed that the place of fulfillment of the agreement per paragraph II of article 1104 was located in Mexico, the prior rules exclude Mexican courts from jurisdiction to hear this case.

Based on the above, it is my opinion that a Mexican Court would be obliged to dismiss a case relating to the Transportation Agreement since other jurisdictions are preferred over Mexico as per the Mexican procedural commercial provisions.

8. In my experience, litigation of transportation cases in Mexico typically takes between two and three years to complete (including appeals and having concluded amparo

---

3 Please see Footnote 1 above

proceedings).

      9.    I was also requested to provide my opinion on whether Mexican Courts would enforce an order from a US Court asking for evidence under Letters of Request. In such respect, my answer is affirmative and is based on the following grounds:

Both Mexico and the United States of America are signatories to the Convention on the Taking of Evidence abroad in Civil and Commercial Matters of March 18, 1970 (hereiafter referred to as the "Convention"), which precisely regulate the procedures to enforce a petition of evidence between countries.

Further to its accession to the Convention back in July 27, 1989, Mexico published the text of the Hague Convention on Evidence in its Official Gazette in February 1990, which means that the Convention became Supreme Law of the land from that moment on as per mandated by the first paragraph of article 3 of the Federal Civil Code, which provides as follows:

> "Article 3.- The laws, rules, circulars or any other law of general observance are obligatory and effective three days after they are published in the official gazette." [Free translation]

Although Mexican Federal Civil Procedural Code also has provisions on this matter, these are subject to the contents of international treaties, as per the order of hierarchy of the Mexican Legal System[4]. Below is a translation of the full text of such provisions:

> "Article 559. The public offices of the Federation, of the federal states and their public officers are not allowed to disclose documents or copies of documents that pertain to official archives while being under their control in Mexico; unless it could be otherwise permitted by law or ordered by a Mexican Court through the means of a letter of request in respect to particular cases, documents or personal files.
>
> "Article 560. In regards to the taking of evidence for foreign proceedings, the embassies, consulates and members of the

---

[4] Under article 133 of the Mexican Constitution, the law of the land is composed by the following norms (listed in order of hierarchy): 1) the Mexican Constitution, 2) International Conventions, 3) Codes and federal laws, 4) statutes and 5) Other legislation and regulations

Mexican Diplomatic Service shall be subject to international treaties or conventions subscribed by Mexico, as well as to the Organizational Law of the Mexican Diplomatic Service, its rulings and whatever other applicable regulations.

"Article 561. The obligation to produce documents and objects in legal proceedings abroad does not imply the obligation to produce documents or copies that could not be individually identified.
In no event the national courts will be able to order or carry out a general inspection of archives while not being of public access, unless otherwise permitted by Mexican laws.

"Article 562. In respect to the production of testimonies or depositions for the purpose of foreign proceedings, the deponents could be interrogated verbally and directly as per the terms of article 173 of this Code[5].
For that purpose, it will be mandatory to demonstrate before the local court that the questions of the interrogatory are strictly related to the lawsuit in question and that it was duly requested by the interested party or by an authority.

"Article 563. For the purposes of article 543[6], the public officers of the offices of the Federation and of the federal states shall not be authorized to render depositions in judicial proceedings in connection with their actions as witnesses. Such depositions shall be made in writing when pertaining to private affairs and when it is so ordered by a Mexican competent authority."[Free translation]

10.    In the past four years, I have not testified as an expert at trial or by deposition. For my opinion in this matter, I am being compensated $150 per hour.

I declare under penalty of perjury under the laws of the United States of America and Mexico that the foregoing is true and correct.

Dated: Mexico City, Mexico
       March 16, 2012

_____
Arturo Arista, Esq.

Macintosh HD:Users:cestrada:Documents:CLIENTES:Maloof & Browne, LLP:137.01.12 - Opinión competencia mexicana:Maloof. Affidavit CEVA.doc

---

5 Article 173 allows to cross-examine a witness directly without the need to produce a written pre-authorized interrogatory.
6 Article 543 provides as follows: "In respect to federal affairs, the international judicial cooperation shall be governed by this Code and the other applicable regulations, unless otherwise provided by international Treaties entered by Mexico".

# RESUME OF ARTURO ARISTA GARZA

| | |
|---|---|
| Business Address: | Camino a Santa Teresa 187C 5o Piso<br>Col. Parques del Pedregal<br>México, D.F., 14010<br>México |
| Tel: | +52 55 5424 8463 |
| Email: | arista@garzatello.com.mx |

EDUCATION   Law School Instituto Technológico Autónomo de México (ITAM) 1992 – 1997. Professional Thesis: Legal Aspects of Time Charter Parties.

Certificate in Insurance Practice. London Metropolitan University (U.K.). 2003.

Diploma in Insurance. The Charterers Insurance Institute U.K. (CII). 2004.

LAW PRACTICE   Started working at a Maritime law firm in Mexico City while still at Law School, focused in the areas of marine insurance, transportation law and subrogation claims from 1994 to 1996.

Joined the firm Garza Tello & Asociados as an associate in 1996 and became a partner in January 2002.

Worked in a foreign lawyer program at the law firm De Orchis & Partners in New York City in 1999.

With the firm Garza Tello & Asociados he specializes in all areas of insurance, reinsurance and transportation law by providing legal advice to both domestic and foreign insurers, reinsurers, mutual associations and P&I Clubs. He is also experienced in dealing with all aspects of transportation, charterparties, bills of lading and cargo claims.

He is the head of the Insurance/Reinsurance team at Garza Tello and he has provided legal advise and been involved in multiple litigation cases representing the leading Mexican and foreign insurance and reinsurance carriers in most areas of insurance including property, catastrophic risks, public liability, products

liability, D&O, E&O, PI, Aviation, EAR, CAR, Marine and subrogation recoveries.

He is admitted to practice law in the Federal and State Courts of all the Mexican Republic, including Administrative Courts and Governmental Entities.

LECTURES            He has lectured in international seminaries in the U.S., U.K. and Latin America concerning transportation claims in Mexico, marine insurance, public liability and products liability.

- Marine Insurance Seminar. New York. 2001.
  "Cargo Claims in Mexico"

- Third Party Cover in Foreign Jurisdictions. San Diego, CA. 2002.
  "Liabilities under Mexican Law"

- International Shipping Seminar. Santiago, Chile. 2004.
  "An overview of Mexican Shipping Law"

- International Law Seminar. London. England. 2006.
  "An overview of Mexican Transportation Law"

- International Law Seminar. London, England. 2007.
  "Limitation of Liability on Marine Claims"

- International Cargo Recovery Conference. New York, NY. 2008
  "Subrogation Recoveries in Mexico"

- Reinsurance Seminar.
- London England. 2010. "Reinsurance Claims in Brazil, Mexico and Chile"

- Second International Cargo Recovery Conference. London, England. 2010.
- "Subrogation Recoveries in Mexico"

- Civil Liability Seminar. AMEDESEF
  Mexico City, 2011
  "Products Liability Law in Mexico"

      - Munich Re Mexico Claims Seminar
        San Miguel de Allende, México, 2011
        "Claims Made vs. Losses Occurrence"

        Comisión Nacional de Seguros y Fianzas
        Mexico City, 2011
        "Products Liability Law in Mexico"

**EXPERT TESTIMONY**

He has been appointed as expert in Mexican Insurance and Transportation law in various lawsuits in the U.S. and has provided a number of Declarations and Affidavits in respect to such lawsuits and arbitration proceedings, including but not limited to the following cases:

- <u>Case No. C.A. 4:08-civ-02549 (KPE)</u>
  United States District Court
  Southern District of Texas

  Northern Marine Underwriters Limited
  v.
  FBI Express, Inc, et al.

- Odyssey America Reinsurance Corporation;
  Comisión Nacional de Electricidad;
  Seguros Comercial América, SA de CV
  v.
  Smar International Corporation

- <u>Case No. 442004CA 989 K Jones</u>
  In the Circuit Court of the 16th Judicial Circuit
  In and for Monroe County, Florida.
  General Jurisdiciton Division.

  Debbie Bignall
  v.
  Fury Catamarans, Inc.;
  Fury Flyer, Inc.;
  Fury Management, Inc.;
  Fury de México, SA de CV

- <u>Index No. 01 Civ. 8691 (RCC)</u>
  United States District Court

Southern District of New York

New India Insurance Company
v.
American President Lines, LTD.

- 07 CV 576 (RJS)
  United States District Court
  Southern District of New York
  DSND Subsea AS
  v.
  Oceanografía, S.A. de C.V.

- Case No. 07 CV 3076 (LAP)
  United States District Court
  Southern District of New York

  Transportes Navieros y Terrestres, SA de CV
  v.
  Fairmont Heavy Transport, N.V.

- International Arbitration between
  Seguros Comercial América, SA de CV
  and
  A.P. Moller Singapure, Pte. Ltd.

- Case No. 8:09cv1321-T-26
  United States District Court
  Middle District of Florida
  Tampa Division

  Eric Oldham and Tara Cinelli, as
  Co-Personal Representative of the Estate
  of L.R.O., Deceased,
  v.
  Pentair Water Pool and Spa, Inc.
  Michael Ray Angel and
  Holly Jo Angel

- Case No. 09-3404
  United States District Court
  Eastern District of Louisiana
  Keith Taylor, et al.
  v.

      Tesco Corporation (US)

     - Case No. 2002-061658
      Alameda County Supreme Court
      JVC de México, S.A. de C.V.
      v.
      American President Lines

     - Case No. 100-17-000618-068
      Province of Québec, District of Rimouski.
      Superior Court
      La Compagnie D'Assurances Générales
      v.
      Oakville Stamping & Bending and others

| | |
|---|---|
| PUBLICATIONS | He published the article "Jurisdiction Update: Mexican Reinsurance" in conjunction with Reynolds, Porter, Chamberlain, LLP. Bulletin of August 2007 and subsequent updates. |
| | He is author of the Mexican section of the publication "Time Bar in Insurance and Reinsurance, an International Comparison" published by Clyde & Co, 2011. |
| ACADEMY | He teaches the module of Marine and Transportation Insurance at the Diploma in Insurance at the Universidad Panamericana in Mexico City. |
| ASSOCIATONS | He is a member of the Charterers Insurance Institute in the U.K. and member of the Mexican Association of Insurance Lawyers. |