**Thomas Eagan**

| | |
|---|---|
| **From:** | Thomas Eagan |
| **Sent:** | Thursday, July 12, 2012 9:38 AM |
| **To:** | 'Carbin, James W.'; McElduff, P. Ryan; Nichols, Katherine |
| **Cc:** | David Maloof |
| **Subject:** | RE: NipponKoa Insurance Company, Ltd. v. CEVA Logistics U.S., Inc. and CEVA Freight, LLC; 2:12 Civ. 5801 (C.D. Cal.); our ref. 1415.86 |

Referring to the draft amended complaint, most of the changes are in paras. 9, 13-16.


Thomas M. Eagan
Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023



This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges. This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.

---

**From:** Carbin, James W. [mailto:JWCarbin@duanemorris.com]
**Sent:** Wednesday, July 11, 2012 5:00 PM
**To:** Thomas Eagan; McElduff, P. Ryan; Nichols, Katherine
**Cc:** David Maloof
**Subject:** RE: NipponKoa Insurance Company, Ltd. v. CEVA Logistics U.S., Inc. and CEVA Freight, LLC; 2:12 Civ. 5801 (C.D. Cal.); our ref. 1415.86

What the amendment?

---

**From:** Thomas Eagan [mailto:teagan@maloofandbrowne.com]
**Sent:** Wednesday, July 11, 2012 4:01 PM
**To:** Carbin, James W.; McElduff, P. Ryan; Nichols, Katherine
**Cc:** David Maloof
**Subject:** NipponKoa Insurance Company, Ltd. v. CEVA Logistics U.S., Inc. and CEVA Freight, LLC; 2:12 Civ. 5801 (C.D. Cal.); our ref. 1415.86

Counselors,

We enclose draft Second Amended Complaint (with Stip and Order).

Kindly advise if you consent to filling, and that we can e-sign Ms. Nichols name to the stip/order.


7/30/2012

# EXHIBIT 4

Thank you.

Thomas M. Eagan
Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023



This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges. This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.

---

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

7/30/2012

DARYL G. PARKER (State Bar No. 47048)
JAMES E. MAHONEY
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd, 11th Floor
Los Angeles, CA 90067-4100
(310) 277-6910

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY, LTD.<br><br>   *Plaintiff,*<br><br>vs.<br><br>CEVA LOGISTICS U.S., INC. and CEVA FREIGHT, LLC,<br><br>   *Defendants.* | Case No.: 2:12 Civ. 05801 CAS (AGRx)<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT**<br>(2) **BREACH OF CONTRACT TO PROCURE INSURANCE**<br>(3) **BAILMENT**<br>(4) **NEGLIGENCE/TORT**<br><br>(Diversity Jurisdiction under 28 USC 1332 and/or Federal Question Jurisdiction under 28 USC 1331) |

Plaintiff NipponKoa Insurance Company, Ltd., by its undersigned attorneys, for its Amended Complaint, alleges on information and belief as follows:

### GENERAL APPLICATIONS APPLICABLE TO ALL CAUSES OF ACTION

**I. JURISDICTION AND PARTIES**

1. This Court has subject matter jurisdiction pursuant to federal law (including federal common law) pursuant to 28 U.S.C. section 1331; and/or diversity of citizenship under 28 U.S.C. 1332, and supplemental jurisdiction pursuant to 28

1

U.S.C. § 1367.

2.　At all times material hereto, NipponKoa Insurance Company, Ltd. (hereinafter "NipponKoa" or "Plaintiff"), was and is a corporation organized and existing under and by virtue of the laws of Japan with its principal place of business in Japan. NipponKoa is the insurer of the Shipment which is the subject matter of this action.

3.　At all times material hereto Toshiba American Information Systems, Inc. (not a party to the action) (hereafter "TAIS") was the owner of a shipment of laptop computers (the "Shipment") which is the subject of this action, and has its principal offices in this District.

4.　Defendant CEVA Logistics U.S., Inc. (hereinafter "CEVA") is a corporation organized and existing under the laws of Delaware with its principal place of business in Houston, Texas and was and is at relevant times engaged in business as, *inter alia*, a carrier of goods for hire, freight forwarder or otherwise involved in the transportation of goods, including the Shipment in this case, and is the successor in interest to EGL Eagle Global Logistics, LP ("EGL").

5.　Defendant CEVA Freight, LLC is a limited liability company organized under the law of the State of Delaware with its principal place of business in Houston, Texas. The sole member of CEVA Freight, LLC is EGL, Inc. EGL, Inc. is incorporated under the laws of the State of Texas, with its principal place of business in Houston, Texas. CEVA Freight, LLC was and is at relevant times engaged in business as, *inter alia*, a carrier of goods for hire, freight forwarder or otherwise involved in the transportation of goods, including the Shipment in this case, and is the successor in interest to EGL Eagle Global Logistics, LP. Both Defendants – CEVA Freight, LLC and CEVA Logistics U.S., Inc. – are collectively referred to herein as "CEVA" or "Defendants".

6.　The amount in controversy, exclusive of interest and costs, exceeds

2

$75,000.00.

7.   Each of the Defendants is registered to do business in the State of California, have offices in this District, and do business here. Under the governing contract from which this case arises, the defendants consented to suit in this District. Each of the Defendants organizes and/or runs routes through and thus can be found in and resides in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (3). Plaintiff has an affiliated office located in this District, and the survey company which investigated and calculated the loss is located in this District.

## CONTRACT

8.   In and about June 2003, TAIS and EGL entered into a Transportation Agreement for the door-to-door carriage of TAIS products.

9.   The Transportation Agreement, as updated and amended through March 24, 2011 (hereinafter "Transportation Agreement") provided, *inter alia*,

   a.   that CEVA was to name TAIS and its insurer as a "named insured" on all insurance policies.

   b.   that CEVA was to procure cargo insurance payable directly to TAIS and its underwriter.

   c.   that any failure by CEVA to deliver cargo was a service failure and breach.

   d.   that CEVA assumed the liability of a common carrier consistent with the Carmack Amendment for any loss or damage to cargo.

   e.   that CEVA was to insure that each of its agents, subcontractors and independent contractors agreed to be liable to TAIS to the same extent as CEVA.

   f.   that CEVA was to pay the undisputed amount of claims within 60 days of presentation, and that if it did not do so, it

would pay an additional 5% of the undisputed amount for every 10 day period thereafter.

 g. that for sea-rail shipments from China to Mexico, CEVA would pay TAIS $20 per kilogram for any cargo lost or damaged.

 h. that the Transportation Agreement was to be governed by California law with the parties consenting to the jurisdiction of this Court.

 i. that bills of lading issued in connection with shipments are receipts, not contracts.

10. Prior to the Shipment at issue, CEVA and EGL merged or otherwise combined their businesses and CEVA has undertaken the obligations of EGL under the Transportation Agreement.

### THE SHIPMENT

11. On or about March 24, 2011, there was shipped and delivered to CEVA in Shanghai, China a consignment of laptop computers, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, CEVA agreed to transport and carry the Shipment from Shanghai to TAIS' or its customers in Mexico City and deliver in the same good order and condition as when received. The Shipment is more fully described in bills of lading EG93784334 and EG93784335.

12. The Shipment was transported from Shanghai to Manzanillo, Mexico via vessel, from there to Mexico City via rail, and from there destined to TAIS or its customers in Mexico City via truck. Prior to delivery to TAIS or its customers in Mexico City, the Shipment was stolen, and was never delivered to TAIS' customers, all in violation of CEVA's obligation as carriers, and/or under their Transportation Agreement with TAIS.

13. On or about April 26, 2011, TAIS duly made claim on CEVA for the loss of the Shipment.

14. Defendants CEVA breached their contractual and/or other legal obligations owed to TAIS, and such breach was the direct and proximate cause of the damages suffered by the Plaintiff. CEVA's breaches include, without limitation:

   a. failure to name TAIS and its underwriter as named insureds on all of its insurance polices.

   b. failure to arrange for cargo insurance for the benefit of TAIS and its underwriter.

   c. failure to deliver the Shipment as agreed.

   d. failure to insure that its agents, subcontractors and independent contractors handling and/or guarding the Shipment agreed to be liable to TAIS to the same extent as CEVA.

   e. failure to pay the undisputed portion of the claim within 60 days of presentation.

15. Defendants at all material times knew and/or had reason to know, without limitation, the following facts:

   a. that TAIS's laptop computers are small, highly portable articles, which are individually of high value;

   b. that such laptop computers made by TAIS and others are a favorite target of thieves; and

   c. that TAIS's said Shipment of laptop computers was an especially likely target, and was especially susceptible to theft.

16. Despite Defendants' knowledge set forth above, Defendants failed to exercise due care in rendering services to TAIS.

17.    Plaintiff NipponKoa had issued its insurance policy to TAIS which insured TAIS's said Shipment against loss/damage. By reason of the loss described above, NipponKoa was obliged to pay and actually paid substantial sums to TAIS, and incurred substantial additional other expenses, for which Defendants are legally liable.

18.    Plaintiff NipponKoa and its assured, TAIS, have performed all conditions on their parts to be performed.

19.    By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $1,375,000.00.

## FIRST CAUSE OF ACTION
## **BREACH OF CONTRACT**

20.    Plaintiff incorporates here by reference the allegations of paragraphs 1 to 19 above.

21.    Defendants have breached their obligations and duties as a carrier and/or under the Transportation Agreement and/or other applicable law or contracts with respect to the Shipment.

22.    By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,375,000.00.

## SECOND CAUSE OF ACTION
## **BREACH OF CONTRACT TO PROCURE INSURANCE**

23.    Plaintiff incorporates here by reference the allegations of paragraphs 1 to 22 above.

24.    Defendants, despite contractual obligation, failed to name TAIS and its underwriter as named insureds on all insurance policies, failed to procure cargo and/or other insurance payable to TAIS and its underwriter NipponKoa, and otherwise breached its insurance obligations.

25. By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,375,000.00.

## THIRD CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

26. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 25 above.

27. Each of the Defendants was acting as bailee of Shipment at the time of the loss. Each of the Defendants was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Each of the Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to them.

28. By reason of the foregoing, each of the Defendants have caused damage to Plaintiff, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,375,000.00.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE/GROSS NEGLIGENCE/ RECKLESSNESS/WILLFUL AND WANTON CONDUCT

29. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 28 above.

30. Each of the Defendants, by their negligence, gross negligence, recklessness, and/or willful and wanton conduct caused the loss to the Shipment and/or otherwise damaged the Plaintiff. Each of the Defendants therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when

Case 2:12-cv-05801-CAS-AGR   Document 66-4   Filed 07/31/12   Page 10 of 10   Page ID #:631

entrusted to them, and/or otherwise damaged the Plaintiff.

31. By reason of the foregoing, each of the Defendants has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,375.000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, attorneys' fees and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: July 11, 2012

                    PACHULSKI STANG ZIEHL & JONES LLP
                    and
                    MALOOF BROWNE & EAGAN LLC

By: **DRAFT**

Daryl G. Parker
*Attorneys for Plaintiff NipponKoa Insurance Company, Ltd.*

F:\WP-DOCS\1415.86\PLEADINGS - C.D. Cal. 12cv5801\071012 Second Amended Complaint.doc

8