UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Daryl Parker | | Katherine Nichols |
| David Maloof (By Telephone) | | |

**Proceedings:** PLAINTIFF'S MOTION TO AMEND COMPLAINT (Docket #59, filed July 30, 2012)

DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* (Docket #54, filed July 19, 2012)

## I.    INTRODUCTION

Plaintiff filed this case in December 2011 in the United States District Court for the Southern District of New York, and filed an amended complaint on March 23, 2012 pursuant to a stipulation by the parties. Plaintiff's amended complaint alleges four claims for relief: (1) breach of contract, (2) breach of contract to procure insurance, (3) breach of bailment obligations, and (4) negligence. The case was transferred to this Court on July 2, 2012.

Defendants moved to dismiss this case on grounds of *forum non conveniens* on July 17, 2012. Plaintiff filed a motion to amend its first amended complaint on July 30, 2012, and filed an opposition to defendant's motion to dismiss the case on July 31, 2012. Defendants filed a reply to plaintiff's opposition on August 20, 2012, and filed a response to plaintiff's motion to amend its complaint on August 6, 2012, stating that they did not oppose the motion to amend. The Court held a hearing on September 10, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

## II. BACKGROUND

Plaintiff is a Japanese corporation that provides Toshiba insurance against loss and damage to cargo. First Amended Complaint ("FAC") ¶¶ 2, 19. Since April 2003, Toshiba American Information Systems ("TAIS") has contracted with defendant CEVA for door-to-door delivery of TAIS' products. FAC ¶ 8; Lowe Decl. ¶ 3. The transportation agreement ("Transportation Agreement") that governed the relationship between TAIS and CEVA contains, among other things, the following jurisdiction and governing law clause:

> This Agreement shall be governed by and interpreted in accordance with the laws of the State of California, excluding California's conflict of law provisions that direct application of another jurisdiction's laws. The parties expressly consent to the jurisdiction of the federal and state courts located in Orange County, California in the event of any litigation relating to this agreement.

Lowe Decl. Ex. 1 at 9. This agreement was expanded to include ocean shipments from the Far East to Mexico. Lowe Decl. ¶ 5. Additionally, plaintiff alleges that this agreement requires CEVA to procure cargo insurance payable directly to TAIS and its underwriter. FAC ¶ 9c.

The instant lawsuit arises out of a shipment of TAIS' laptop computers that CEVA delivered from Shanghai to Mexico City. FAC ¶ 11. The computers were shipped from Shanghai to Manzillo, Mexico by vessel, and from Manzillo to Mexico City by train. FAC ¶ 12. After the computers arrived in Mexico City by train, they were shipped to their final destination by truck. Id. Unfortunately, the computers were stolen en route and were never delivered. Id.

According to defendants, plaintiff hired a surveyor, RTS International S de RL de CV ("RTS"), to investigate the theft. RTS issued a report stating that although the laptop shipment had a security escort, the shipment was hijacked at gunpoint by unknown assailants. Nichols Decl. Ex. 1 at 7. The report also states that Mexican police investigated the hijacking, but notes that "in Mexico, third parties are not allowed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

verify or request information about events where they are not the affected parties." Id. at 7 – 8.

### III. LEGAL STANDARD

#### A. LEAVE TO AMEND

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609). Since no scheduling order has been set by the Court, Rule 15 applies.

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### B. FORUM NON CONVENIENS

This Court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504 (1947). The Supreme Court has characterized the *forum non conveniens* doctrine as "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007).

"The *forum non conveniens* determination is committed to the sound discretion of the trial court." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. "A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002) (citing Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142-43 (9th Cir. 2001)). "The foreign court's jurisdiction over the case and competency to decide the legal questions involved will also be considered." Leetsch v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001). "The plaintiff's choice of forum will not be disturbed unless the 'private interest' and 'public interest' factors strongly favor trial in the foreign country." Id. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is in such cases "less reasonable." Piper Aircraft Co., 454 U.S., at 255-256.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

The Ninth Circuit has recognized that "the standard to be applied to a motion for dismissal on the ground of *forum non conveniens* is whether . . . defendants have made a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." Id. (quoting Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir. 1983))(internal brackets omitted). Nevertheless, "*[f]orum non conveniens* is 'an exceptional tool to be employed sparingly, not a . . . doctrine that compels plaintiffs to choose the optimal forum for their claim.'" Dole at 1118 (quoting Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000)).

**IV. ANALYSIS**

    **A. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED**

Plaintiff seeks to amend its complaint to dismiss claims for breach of bailment and negligence, leaving only its claims for breach of contract and breach of contract to procure insurance. Since defendants will not suffer prejudice from plaintiff dismissing these claims and because defendants do not oppose the motion, the Court grants plaintiff leave to amend its complaint.

    **B. DEFENDANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS SHOULD BE DENIED BECAUSE MEXICO IS NOT AN ADEQUATE ALTERNATIVE FORUM AND PLAINTIFF IS POTENTIALLY TIME-BARRED UNDER MEXICAN LAW**

To meet its burden of showing that Mexico is an adequate forum, defendant points to other decisions that have found that Mexico to be an adequate alternative forum. See, e.g., In re Ford Motor Co., 591 F.3d 406, 412 (5th Cir. 2009) ("We have held in numerous cases that Mexico is an available forum for tort suits against a defendant that is willing to submit to jurisdiction there."). In response, plaintiff argues that Mexico is not an adequate forum because the claims may be time-barred in Mexico, and a Mexican court would decline jurisdiction over this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

**1. Mexico is Not an Adequate Alternative Forum Because the Unrebutted Testimony of Plaintiff's Expert Opines that Mexican Courts would Decline Jurisdiction over this Case**

Plaintiff relies on its expert, Arturo Arista, an attorney, for the conclusion that a Mexican court would decline jurisdiction over this case. Arista is a partner in the law firm Garza Tello & Asociados, a Mexican law firm that practices transportation and insurance law, and has specialized in transportation litigation in Mexican courts for eighteen years. Ptf.'s Ex. 3, Arista Decl., ¶¶ 1 – 2. According to Arista, "if the transportation agreement . . . is applicable, a Mexican Court would reject jurisdiction over the case." Id. at ¶ 6. Arista sets out two reasons why a Mexican court would deny jurisdiction.

First, Arista states that a Mexican court could reject jurisdiction where there is an express agreement as to jurisdiction. According to Arista, because the parties have agreed, as is set forth in clause 16 of the Transportation Agreement, that "[t]he parties expressly consent to the jurisdiction of the federal and state courts located in Orange County, California in the event of any litigation relating to this Agreement," under Articles 1090[1], 1092[2], and 1093[3] of the Mexican Commercial Code, such agreement would normally deprive Mexican courts of jurisdiction. Id ¶ 7. Arista notes that this conclusion is not certain, however, because the Transportation Agreement does not contain a clear renouncement or waiver of jurisdiction in Mexico, and under Mexican

---

[1] "Article 1090. All suits/complaints must be filed before the competent judge." Arista Decl. ¶ 7.

[2] "Article 1092. The competent judge will be that agreed between the parties, whether expressly or tacitly." Arista Decl. ¶ 7.

[3] "Article 1093. There is an express submission to jurisdiction when the parties renounce clearly and categorically to the jurisdiction that could correspond to them by matter of law and, for the purposes of litigation, they consent to submit to the jurisdiction of the courts of their domicile, of the place where either of the obligations must be fulfilled or the courts of the place were the object in matter could be located." Arista Decl. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

case law this fact could lead a court to conclude that the Transportation Agreement does not meet Article 1093's requirements for express agreements on jurisdiction.

Second, Arista states that a Mexican court would reject jurisdiction even if it found there was no express agreement. According to Arista, Articles 1104[4], 1105[5], and 1106[6] of the Mexican Commercial Code apply when there is no express agreement regarding jurisdiction. Id. Mr. Arista concludes that a Mexican court would reject jurisdiction based on Article 1104(I). Id. ¶ 7b.

In response, defendants claim that Arista only concluded that Mexican courts may decline jurisdiction, and in fact concedes that a Mexican court could take jurisdiction over the case because "the place of the fulfillment of the agreement" was Mexico. This is an inaccurate characterization of Arista's testimony. Arista unequivocally concludes "it is my opinion that a Mexican Court would be obliged to dismiss a case relating to the Transportation Agreement since other jurisdictions are preferred over Mexico as per the Mexican procedural commercial provisions." Ptf.'s Ex. 3, Arista Decl., ¶ 7. Additionally, while Arista recognizes that Article 1104 paragraph II of the Mexican Commercial Code provides that in some cases the preferred jurisdiction for hearing a case is "the place of fulfillment of the agreement," he concludes that this rule would not apply

---

[4] "Article 1104. Unless otherwise provided in article 1093, notwithstanding the nature of the commercial proceedings, the following shall be preferred over any other judge:
  I. The judge located in the place that was designated by the debtor as the place to be judicially claimed to pay.
  II. The place agreed in the contract for the fulfillment of the obligation." Arista Decl. ¶ 7.

[5] "Article 1105. If there was no express agreement as per article 1093 above, the competent judge will be that located in the domicile of the defendant. notwithstanding the nature of the legal action that is exercised." Arista Decl. ¶ 7.

[6] "Article 1106. If the defendant has several domiciles, the competent judge will be that chosen by the plaintiff." Arista Decl. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

to this case because "the prior rules exclude Mexican courts from jurisdiction to hear this case." Id. ¶ 7(c).

Accordingly, plaintiff's expert testimony that Mexican courts would decline jurisdiction over this case is unrebutted.[7] Although defendants cite other cases where courts have found Mexico to be an adequate forum, courts "make the determination of adequacy on a case by case basis, with the party moving for dismissal bearing the burden of proof." Leetsch v. Freedman, 260 F.3d at 1103. Here, the defendant has not rebutted evidence that Mexican courts would not take jurisdiction over this case. Defendants' motion to dismiss for *forum non conveniens* is therefore denied. See Gutierrez v. Advanced Medical Optics, Inc., 640 F.3d 1025, 1031 (9th Cir. 2011) (finding that it would be an abuse of discretion to dismiss a case for *forum non conveniens* if Mexican courts declined to take jurisdiction over plaintiffs' case through no fault of the plaintiffs).

   **2.    Dismissal is Inappropriate Because Plaintiff Could Face Time-Bar Defenses in Mexico that Would Not Apply in California.**

Plaintiff also argues that a newly filed suit in Mexico could be time-barred. Specifically, plaintiff argues that defendants may assert that plaintiff's claims are time barred by reason of a nine month time-to-sue clause set forth in defendants' bill of lading. Although plaintiff disputes that this claimed statutory bar would apply because the ocean bill of lading operated as a receipt and not a contract, plaintiff notes that since the shipment arrived in Mexico in April 2011, there is a possibility that defendants would assert this defense in Mexico.

Defendant does not address this argument in its reply, and has not given the Court any assurance that it would not pursue a defense based on statute of limitations if this action were dismissed and re-filed in Mexico. "The danger that the statute of limitations might serve to bar an action is one of the primary reasons for the limitation on the court's discretion with respect to the application of the doctrine of *forum non conveniens*."

---

   [7]Though defendants state in their briefing that they would submit to the jurisdictions of Mexican courts, defendants do not offer evidence that this fact alone would allow a Mexican court to take jurisdiction over the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1235 (9th Cir. 2011). The Ninth Circuit has held that it is an abuse of discretion to dismiss a case on the basis of *forum non conveniens* without requiring the defendant to waive statute of limitations defenses that could not be asserted in the transferor forum. Id. Accordingly, defendant's failure to waive time bar defenses that cannot be asserted in California provides another basis to deny its motion to dismiss on the grounds of *forum non conveniens*.[8]

## V.     CONCLUSION

Plaintiff's motion to amend the first amended complaint is hereby GRANTED. Defendant's motion to dismiss the case on the grounds of *forum non conveniens* is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[8] Since the Court finds that defendant has failed to meet its burden of showing that Mexico is an adequate, alternative forum in this case, there is no need to consider whether the seven private factors and five public factors weigh in favor of dismissal. See, e.g., Piper Aircraft v. Reyno, 454 U.S. 235, 254 fn. 22 ("At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum."). In any event, defendant has failed to make a showing that these factors weigh in favor of dismissal.