UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801 CAS (AGRx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| David Maloof | Katherine Nichols | |

**Proceedings:** PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY AND DAMAGES (Docket #84, filed October 9, 2012)

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Docket #174, filed December 6, 2012)

## I. INTRODUCTION

Plaintiff filed this case in December 2011 in the United States District Court for the Southern District of New York. On July 2, 2012, the case was transferred to this Court pursuant to 28 U.S.C. § 1404(a). Plaintiff's second amended complaint names CEVA Logistics U.S., Inc. ("CEVA") and CEVA Freight, LLC as defendants, and asserts two claims for relief: (1) breach of contract, and (2) breach of contract to procure insurance.

Plaintiff moved for summary judgment on both claims on October 9, 2012. Defendants filed an opposition on October 29, 2012, filed a supplemental opposition on December 5, 2012, and filed a cross-motion for partial summary judgment on December 6, 2012. Plaintiff filed a consolidated reply in support of its motion and opposition to defendants' cross-motion on December 18, 2012, and defendants filed a reply in support of their cross-motion on December 21, 2012. The parties' motions are before the Court.

## II. BACKGROUND

The following facts appear to be undisputed. The instant lawsuit arises out of a shipment of Toshiba America Information Systems, Inc. ("TAIS") laptop computers ("the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801 CAS (AGRx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

cargo") that CEVA delivered from Shanghai to Mexico City ("the shipment"). The computers were shipped from Shanghai to Manzillo, Mexico by vessel, and from Manzillo to Mexico City by train. After the computers arrived in Mexico City by train, they were shipped to their final destination by truck. Unfortunately, the computers were stolen en route and were never delivered.

Plaintiff NipponKoa insured the cargo on behalf of TAIS, and paid TAIS $1,375,545.78 to cover the loss. Plaintiff now asserts a subrogation claim against CEVA, which CEVA has refused to pay. The balance of the underlying facts – including what contract governed the shipment of the cargo – are in dispute.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801 CAS (AGRx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   ANALYSIS

Plaintiff asserts two breach of contract claims, one arising out of the loss of TAIS' cargo, and the other arising out of defendants' alleged failure to procure cargo insurance naming plaintiff and TAIS as beneficiaries. Both of these claims allege breaches of the "Transportation Agreement," Lowe Decl., dkt. 86, Ex. 1, and therefore rest on plaintiff's assertion that this agreement governed the shipment underlying this case. Defendants dispute whether the Transportation Agreement applies.

According to plaintiff, TAIS and CEVA executed the Transportation Agreement in 2003, and the companies have been operating under its basic terms and conditions for every shipment handled by defendants since it was executed. Lowe Decl. ¶¶ 2 – 3; Ptf. SUF ¶¶ 11 – 12. Plaintiffs' further explain that when TAIS and defendants expanded the scope of service to include ocean shipments from China to Mexico, the terms of that expanded service were set out in a document labeled "Attachment 2 to Appendix F [of the Sea/Rail Program]" ("Sea/Rail Program Appendix"). See Lowe Decl. Ex. 1, CEVA 000091 – 000092; Ptf. SUF ¶ 13. This document incorporates by reference the terms of the Transportation Agreement. See Lowe Decl. Ex. 1, CEVA 000092 Note 16.

The Sea/Rail Program Appendix was not signed by either CEVA or TAIS. Plaintiff acknowledges this, but argues that it was nonetheless a binding agreement because both parties operated under its terms. Plaintiff cites deposition testimony by Alan Lowe ("Lowe"), a transportation manager for TAIS, in supports of this contention. At his deposition, Lowe explained that he believes that TAIS and CEVA were operating under the terms of the Sea/Rail Program Appendix because defendants provided shipping services to TAIS consistent with the rates specified therein. Lowe Depo. 86:13 – 87:7. Lowe also testified at his deposition that no one at CEVA stated that the Sea/Rail

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801 CAS (AGRx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

Program Appendix did not apply to shipments to and from Mexico until defendants retained counsel for the instant litigation. Lowe Depo. 133:19 – 134:13.

Additionally, at oral argument, counsel for plaintiff made clear that plaintiff was not relying solely on Lowe's deposition testimony and the Sea/Rail Program Appendix to establish that the Transportation Agreement applied to the shipment. As plaintiff's counsel clarified, plaintiff also argues that CEVA's insurers made binding admissions on CEVA's behalf that the Transportation Agreement applied to the shipment. These alleged admissions appear in e-mails attached as Exs. 5 and 6 to the declaration of Alan Lowe. See Lowe Decl. ¶ 9 (referring to the e-mails). Lowe claims that the admissions took place in the following portions of the e-mail:

> CEVA have forwarded to us your letter of claim dated 14 October and enclosures and we shall be grateful if you will note their interest on behalf of their goods in transit legal liability insurer.
>
> Our investigations continue and we shall revert as soon as possible but in the meantime we refer to the liability provisions of **the attached [Transportation Agreement]**.[1]

Lowe Decl. Ex. 5 (emphasis in Lowe Declaration ¶ 9).

> Further to our previous exchanges we wish to establish, pending completion of our enquiries and the submission of our recommendations to our

---

[1] The Transportation Agreement appears to be attached to this e-mai, Lowe Decl. Ex. 5, but the Sea/Rail Program Appendix is not.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801 CAS (AGRx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

principals, the extent of CEVA's maximum liability **in accordance with the contract** sent to Vericlaim.[2]

Lowe Decl. Ex. 6 (emphasis in Lowe Declaration ¶ 9).

In response, defendants argue that plaintiff's failure to produce a signed copy of the Sea/Rail Program Appendix creates a question of fact regarding whether it applies, and that this alone precludes a grant of summary judgment. Additionally, defendants argue that even if the Sea/Rail Program Appendix were executed by the parties, it does not apply to shipments of laptops. Defendants explain that the Sea/Rail Program Appendix is an attachment to the "First Amendment to Transportation Agreement," which is an amendment to the Transportation Agreement that was executed by the parties in October 2009. McElduff Decl., Ex. 4, CEVA 000069 – 000070. By its terms, however, the "First Amendment to Transportation Agreement" only applies to shipments of "Toshiba Hard Disk Drives," not laptop computers, which are the goods transported in this case. Id. Therefore, defendants conclude that the Sea/Rail Program Appendix cannot apply to the shipment at issue in this case.

The Court finds that plaintiff has not met its burden of showing that there is no genuine issue of fact regarding the applicability of the Transportation Agreement. Paragraph six of the Transportation Agreement, which sets out the "Scope of Service," provides:

> Carrier shall provide quality transportation services from TAIS' distribution centers, as more specifically named in Appendix A or reissues thereof, as requested by TAIS to points served by the Carrier or its assignees. . . . Additional services may, from time to time, be instituted upon a written amendment of this Agreement in the manner designated herein.

---

[2] It is unclear which contract is denoted by the phrase "the contract sent to Vericlaim" as it is used in this e-mail, and the Court's review of other documents submitted in Exhibit 6 to Lowe's Declaration does not clarify which contract this phrase refers to. Neither the Transportation Agreement nor the Sea/Program Appendix is attached to the e-mail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801 CAS (AGRx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

Transportation Agreement, ¶ 6. As defendants point out, this provision limits the applicability of the Transportation Agreement to routes between specifically enumerated distribution centers. Therefore, to apply the Transportation Agreement to the shipment at issue in this case, plaintiff bears the burden of proving that the parties agreed that it would apply to shipments between China and Mexico. Plaintiff has not, however, pointed the Court to any document executed by TAIS and CEVA providing for shipping of laptop computers between locations in China and Mexico. While plaintiff argues that the Sea/Rail Program Appendix set out the terms governing shipments between locations in China and Mexico, this document is not signed by the parties and simply does not mention shipments between locations in China and Mexico. Lowe Decl. Ex. 1, CEVA 000091 – 000092.[3] Consequently, the Court finds nothing on the face of the document suggesting that it renders the Transportation Agreement applicable to the shipment underlying this case.

Plaintiff does not rely on the face of the Sea/Rail Program Appendix, but instead rests its argument on Lowe's testimony and the purported admission by CEVA's insurer. After considering these pieces of evidence, the Court finds that they does not establish, as a matter of law, that the Transportation Agreement applies to the shipment. In his testimony, Lowe concludes that CEVA and TAIS were operating under the terms of the Sea/Rail Program Appendix, and by extension the Transportation Agreement, for purposes of shipments from China to Mexico. However, the only fact Lowe points to in support of this conclusion is the fact that CEVA charged shipping rates that corresponded

---

[3] At oral argument, counsel for plaintiff explained that the term "Compal," which appears in the Sea/Rail Program Appendix in a table marked "origin pick up," is the name of a warehouse in China, and argued that this reference to a warehouse in China shows that the Sea/Rail Program Appendix is concerned with shipments from China to Mexico. Defendant did not contest this point. However, even if this reference to a warehouse in China – which does not appear to be a warehouse that ever held the cargo at issue in this case – could be interpreted to demonstrate that the Sea/Rail Program Appendix was meant to apply to all shipments between China and Mexico, the fact remains that the Sea/Rail Program appendix is unsigned and there is insufficient evidence to establish, as a matter of law, that the parties agreed to its terms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801 CAS (AGRx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

to rates mentioned in the Sea/Rail Program Appendix. This fact does not establish that the parties mutually assented to the Sea/Rail Program Appendix because the charging of rates mentioned in an agreement is not an objective manifestation of assent to the entire terms of that agreement. American Employers Group, Inc. v. Employment Development Dept., 154 Cal. App. 4th 836, 847 (Cal. App. 2d 2007) ("Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts . . ."). Lowe's testimony only establishes his subjective belief that the Sea/Rail Program Appendix governed transactions such as the shipment, and this is insufficient to establish the existence of a contract. In re Quantification Settlement Agreement Cases, 201 Cal .App. 4th 758, 798 (Cal. App. 3d 2011) (recognizing the general principal that "contract formation is governed by objective manifestations, not the subjective intent of any individual involved.").

With respect to the purported admissions by CEVA's insurer, the Court finds no evidence that establishes, as a matter of law, that CEVA's insurer made any such admissions. Plaintiff claims that these admissions occurred in e-mails referred to in Lowe's declaration, but the Court disagrees. These e-mails merely mention the Transportation Agreement or consider the possibility that it would apply to certain shipments. In fact, as the Court noted above, it is unclear whether the e-mail reproduced in Exhibit 6 to Lowe's Declaration is even referring to the Transportation Agreement. No language in the e-mails unambiguously admits that the Transportation Agreement applies to all shipments between locations in China and Mexico.

Even if plaintiff could establish that the parties executed the Sea/Rail Program Appendix, plaintiff still would face factual issues that preclude summary judgment because it is unclear whether that document would have applied the full terms of the Transportation Agreement to the shipment. It is true that Note 16 of the Sea/Rail Program Appendix appears to incorporate the terms of the Transportation Agreement. But Note 1 of the Sea/Rail Program Appendix states that "Shipments will be moved under the CEVA's ocean contracts." Lowe Decl. Ex. 1, CEVA 000091. Plaintiff does not explain what contract this term refers too, raising the question whether inconsistencies between the "ocean contracts" and the Transportation Agreement could have rendered the latter inapplicable. Additionally, Note 17 of the Sea/Rail Program Appendix states that "TAIS and CEVA agree to negotiate terms of a new agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5801 CAS (AGRx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | NIPPONKOA INSURANCE COMPANY, LTD. V. CEVA LOGISTICS U.S. INC. ET. AL. | | |

within sixty (60) days of the effective date of this attachment referenced below." Id. Presumably, then, the Sea/Rail Program Appendix contemplates that its terms do not last for an indefinite period of time, and hence it is unclear whether the Sea/Rail Program Appendix and Transportation Agreement would have remained in force during the time of the shipment.

Therefore, the Court finds that plaintiff has not met its burden of establishing that the Transportation Agreement applies to the shipment. Because plaintiff's only claims are for breach of the Transportation Agreement, the Court denies plaintiff's motion for summary judgment.[4]

**V.      CONCLUSION**

In accordance with the foregoing, the parties' motions for summary judgment are DENIED.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[4] Defendants' motion for partial summary judgment seeks a ruling that plaintiff's recovery is limited to $174,910.40 if the Court finds that the Transportation Agreement applies to the shipment as a matter of law. The Court has no occasion to consider this motion because the Court has found that plaintiff failed to establish the applicability of the Transportation Agreement as a matter of law. Therefore, defendants' motion is denied as moot.